1 | CURTIS A. GRAHAM, Bar No. 215745
IAN T. MAHER, Bar No. 280746
2 | LITTLER MENDELSON, P.C.
633 West 5th Street
3 | 63rd Floor
Los Angeles, CA  90071
4 | Telephone: 213.443.4300
Fax No.:    213.443.4299
5 |
Attorneys for Defendants
6 | GENESIS HEALTHCARE, INC.,
GENESIS HEALTHCARE LLC, GHC
7 | PAYROLL, LLC, and ANAHEIM
TERRACE CARE CENTER, LLC
8 |

9 | UNITED STATES DISTRICT COURT

10 | CENTRAL DISTRICT OF CALIFORNIA

11 | WESTERN DIVISION

12 | CHRISTINE ESPINOSA, individually, | Case No.  2:20-cv-688
and on behalf of other members of the
13 | general public similarly situated and | **DECLARATION OF CURTIS A.**
other aggrieved employees, | **GRAHAM IN SUPPORT OF**
14 | | **DEFENDANTS GENESIS**
Plaintiff, | **HEALTHCARE, INC., GENESIS**
15 | | **HEALTHCARE LLC, GHC**
vs. | **PAYROLL, LLC, AND ANAHEIM**
16 | | **TERRACE CARE CENTER, LLC'S**
GENESIS HEALTHCARE, INC., a | **NOTICE OF REMOVAL FROM**
17 | Delaware corporation; GENESIS | **STATE COURT TO THE UNITED**
HEALTHCARE, LLC, a Delaware | **STATES DISTRICT COURT**
18 | limited liability company; GHC
PAYROLL, LLC, a Delaware limited
19 | liability company; ANAHEIM
TERRACE CARE CENTER, LLC, a
20 | Delaware limited liability company;
and DOES 1 through 100, inclusive,
21 |
Defendants.
22 |

23 |

24 |

25 |

26 |

27 |

28 |

## <u>DECLARATION OF CURTIS A. GRAHAM</u>

I, Curtis A. Graham, declare as follows:

1.      I am an attorney with the law firm of Littler Mendelson, a Professional Corporation, counsel for Defendants Genesis Healthcare, Inc., Genesis Healthcare LLC, GHC Payroll, LLC, and Anaheim Terrace Care Center, LLC ("Defendants") in the above-entitled matter.  I am duly licensed to practice law in the State of California and before the United States District Court for the Central District and am responsible for representing Defendants in this action.  Except where otherwise indicated, all of the information contained herein is based upon my personal knowledge and if called and sworn as a witness, I could and would competently testify thereto.

2.      Counsel for Plaintiff Christine Espinosa ("Plaintiff") asked me whether my office would be willing to accept service of the Summons and Complaint for all Defendants, and I agreed.  On December 19, 2019, counsel sent me the Notice and Acknowledgement of Receipt form for each defendant, which pursuant to California Code of Civil Procedure section 415.30 render service complete 20 days later, specifically on January 8, 2020.  Attached hereto as **<u>Exhibit A</u>** is a true and correct copy of Plaintiff's Notice and Acknowledgement of Receipt forms concerning Defendants.

3.      Attached hereto as **<u>Exhibit B</u>** is a true and correct copy of the Summons, Complaint, Civil Case Cover Sheet, Civil Case Cover Sheet Addendum, Notice of Case Assignment, VELS Packet, and ADR Packet Plaintiff's counsel provided on December 19, 2019 via email with the Notice and Acknowledgement of Receipt forms.

4.      Attached hereto as **<u>Exhibit C</u>** is a true and correct copy of Defendants' Answer to Plaintiff's Unverified Complaint, which was filed and served on January 22, 2020.

5.      Attached hereto as **<u>Exhibit D</u>** is a true and correct copy of the remaining process, pleadings, and orders served on Defendants or filed or received by Defendants in this action prior to Defendants' Answer to Plaintiff's Unverified Complaint.

1    6.    On or about January 23, 2020, Defendants are filing with the Clerk for the

2    Superior Court of California for the County of Los Angeles a Notice to State Court and

3    Plaintiff of Removal of Civil Action to Federal Court in this action, together with a copy

4    of Defendants' Notice to Federal Court of Removal.  Attached hereto as **<u>Exhibit E</u>** is a

5    true and correct copy of the Notice to State Court and Plaintiff of Removal of Civil

6    Action to Federal Court.

7    7.    This declaration sets forth all the process, pleadings, and orders filed, to be

8    filed, or served upon Defendants, to Defendants' current knowledge, in this action to

9    the present date.

10    Pursuant to 28 U.S.C. § 1746, I hereby declare under penalty of perjury, under

11    the laws of the United States of America, that the foregoing is true and correct, and that

12    this declaration was executed on January 23, 2020, at Los Angeles, California.

13

14

15                        */s/ Curtis A. Graham*

16                        CURTIS A. GRAHAM

17    4823-6072-5422.2 050738.1307

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT A

**POS-015**

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY:  STATE BAR NO:  186826<br>NAME:  Ronald H. Bae (SBN 186826); Olivia D. Scharrer (SBN 291470)<br>FIRM NAME:  AEQUITAS LEGAL GROUP, A Professional Law Corporation<br>STREET ADDRESS: 1156 E. Green Street, Suite 200<br>CITY:  Pasadena                STATE:  CA    ZIP CODE:  91106<br>TELEPHONE NO.:  (213) 674-6080        FAX NO.:  (213) 674-6081<br>E-MAIL ADDRESS:  oscharrer@aequitaslegalgroup.com<br>ATTORNEY FOR (Name):  Plaintiff CHRISTINE ESPINOSA | FOR COURT USE ONLY |

| |
|---|
| **SUPERIOR COURT OF CALIFORNIA, COUNTY OF** LOS ANGELES<br>STREET ADDRESS: 111 N. Hill Street<br>MAILING ADDRESS: Same as above<br>CITY AND ZIP CODE: Los Angeles 90012<br>BRANCH NAME: Stanley Mosk Courthouse |
| Plaintiff/Petitioner: CHRISTINE ESPINOSA<br>Defendant/Respondent: GENESIS HEALTHCARE, INC., et al. |

| | |
|---|---|
| **NOTICE AND ACKNOWLEDGMENT OF RECEIPT—CIVIL** | CASE NUMBER:<br>19STCV38528 |

TO (insert name of party being served):  GENESIS HEALTHCARE, INC.; (See Attachment 1)

---

### NOTICE

The summons and other documents identified below are being served pursuant to section 415.30 of the California Code of Civil Procedure. Your failure to complete this form and return it within 20 days from the date of mailing shown below may subject you (or the party on whose behalf you are being served) to liability for the payment of any expenses incurred in serving a summons on you in any other manner permitted by law.

If you are being served on behalf of a corporation, an unincorporated association (including a partnership), or other entity, this form must be signed by you in the name of such entity or by a person authorized to receive service of process on behalf of such entity. In all other cases, this form must be signed by you personally or by a person authorized by you to acknowledge receipt of summons. If you return this form to the sender, service of a summons is deemed complete on the day you sign the acknowledgment of receipt below.

---

Date of mailing:  December 19, 2019

Cynthia Hernandez
_____
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF SENDER—MUST NOT BE A PARTY IN THIS CASE)

### ACKNOWLEDGMENT OF RECEIPT

This acknowledges receipt of (to be completed by sender before mailing):

1. [✶]  A copy of the summons and of the complaint.
2. [✶]  Other (specify):
   Civil Case Coversheet; Civil Case Coversheet Addendum and Statement of Location; Voluntary Efficient Litigation Stipulations; ADR Information Package; Notice of Case Assignment

(To be completed by recipient):

Date this form is signed:  January 8, 2020

_____
(TYPE OR PRINT YOUR NAME AND NAME OF ENTITY, IF ANY,
ON WHOSE BEHALF THIS FORM IS SIGNED)

▶ _____
(SIGNATURE OF PERSON ACKNOWLEDGING RECEIPT, WITH TITLE IF
ACKNOWLEDGMENT IS MADE ON BEHALF OF ANOTHER PERSON OR ENTITY)

---

Page 1 of 1

| | | |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>POS-015 [Rev. January 1, 2005] | **NOTICE AND ACKNOWLEDGMENT OF RECEIPT — CIVIL** | Code of Civil Procedure,<br>§§ 415.30, 417.10<br>www.courtinfo.ca.gov |

For your protection and privacy, please press the Clear This Form button after you have printed the form.

[ Print this form ]  [ Save this form ]  [ Clear this form ]

## ATTACHMENT 1

TO (insert name of party being served):

GENESIS HEALTHCARE, INC., a Delaware corporation;
GENESIS HEALTHCARE, LLC, a Delaware limited liability company;
GHC PAYROLL, LLC, a Delaware limited liability company;
ANAHEIM TERRACE CARE CENTER, LLC, a Delaware limited liability company

# EXHIBIT B

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

*FOR COURT USE ONLY*
*(SOLO PARA USO DE LA CORTE)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

GENESIS HEALTHCARE, INC., a Delaware corporation (see Additional Parties Attachment)

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

CHRISTINE ESPINOSA, individually, and on behalf of other members of the general public similarly situated and other aggrieved employees

**CONFORMED COPY**
**ORIGINAL FILED**
Superior Court of California
County of Los Angeles

**OCT 28 2019**

Sherri R. Carter, Executive Officer/Clerk of Court

By: Isaac Lovo, Deputy

---

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

---

The name and address of the court is:
*(El nombre y dirección de la corte es):*  Stanley Mosk Courthouse

CASE NUMBER
*(Número del Caso):*  **19STCV38528**

111 N. Hill Street
Los Angeles, CA 90012

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Ronald H. Bae, Aequitas Legal Group, 1156 E. Green St., Ste. 200, Pasadena, CA 91106, Tel. (213) 674-6080

| DATE: | OCT 28 2019 | SHERRI R. CARTER | Clerk, by | Isaac Lovo | , Deputy |
|---|---|---|---|---|---|
| *(Fecha)* | | | *(Secretario)* | | *(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

   under: ☐ CCP 416.10 (corporation)      ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)      ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)   ☐ CCP 416.90 (authorized person)
   ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

SUM-200(A)

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| ESPINOSA v. GENESIS HEALTHCARE, INC., et al. | |

### INSTRUCTIONS FOR USE

➔ This form may be used as an attachment to any summons if space does not permit the listing of all parties on the summons.

➔ If this attachment is used, insert the following statement in the plaintiff or defendant box on the summons: "Additional Parties Attachment form is attached."

**List additional parties** *(Check only one box. Use a separate page for each type of party.):*

☐ Plaintiff   ☑ Defendant   ☐ Cross-Complainant   ☐ Cross-Defendant

GENESIS HEALTHCARE, LLC, a Delaware limited liability company; GHC PAYROLL, LLC, a Delaware limited liability company; ANAHEIM TERRACE CARE CENTER, LLC, a Delaware limited liability company; and DOES 1 through 100, inclusive

Page _____ of _____

Page 1 of 1

1  Ronald H. Bae (SBN 186826)
   rbae@AequitasLegalGroup.com
2  Olivia D. Scharrer (SBN 291470)
   oscharrer@AequitasLegalGroup.com
3  AEQUITAS LEGAL GROUP
   A Professional Law Corporation
4  1156 E. Green Street, Suite 200
   Pasadena, California 91106
5  Telephone:    (213) 674-6080
   Facsimile:    (213) 674-6081
6
7  Attorneys for Plaintiff CHRISTINE ESPINOSA
8

**CONFORMED COPY**
**ORIGINAL FILED**
Superior Court of California
County of Los Angeles

**OCT 28 2019**

Sherri R. Carter, Executive Officer/Clerk of Court

By: Isaac Lovo, Deputy

9          **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

10        **COUNTY OF LOS ANGELES – CENTRAL DISTRICT**

11

| | |
|---|---|
| 12  CHRISTINE ESPINOSA, individually, and on behalf of other members of the general public similarly situated and other aggrieved employees, | **Case No.**   **19STCV38528** |
| | **CLASS ACTION COMPLAINT & ENFORCEMENT ACTION UNDER THE PRIVATE ATTORNEYS GENERAL ACT, CALIFORNIA LABOR CODE §§ 2698, *ET SEQ.*** |
| 15                                  Plaintiff, | |
| 16                     vs. | (1)   Violation of California Labor Code §§ 510, 1194, and 1198 (Failure to Pay Regular and Overtime Wages); |
| 18  GENESIS HEALTHCARE, INC., a Delaware corporation; GENESIS HEALTHCARE, LLC, a Delaware limited liability company; GHC PAYROLL, LLC, a Delaware limited liability company; ANAHEIM TERRACE CARE CENTER, LLC, a Delaware limited liability company; and DOES 1 through 100, inclusive, | (2)   Violation of California Labor Code §§ 226.7 and 512(a) (Failure to Provide Compliant Meal Periods or Pay Premium Compensation in Lieu Thereof); |
| 23                  Defendants. | (3)   Violation of California Labor Code § 226.7 (Failure to Provide Compliant Rest Periods or Pay Premium Compensation in Lieu Thereof); |
| | (4)   Violation of California Labor Code §§ 201 – 203 (Failure to Pay Wages Timely Upon Termination); |

*(Left margin, vertical text:)* **AEQUITAS LEGAL GROUP**   A Professional Law Corporation   1156 E. Green Street, Suite 200   Pasadena, California 91106

-1-

AEQUITAS LEGAL GROUP
A Professional Law Corporation
1156 E. Green Street, Suite 200
Pasadena, California 91106

(5)   Violation of California Labor Code § 227.3 (Failure to Pay Accrued Vacation Wages Upon Termination);

(6)   Violation of California Labor Code § 226(a) (Failure to Provide Accurate Itemized Wage Statements);

(7)   Violation of California Business & Professions Code §§ 17200, *et seq.*; and

(8)   Penalties pursuant to California Labor Code §§ 2698, *et seq.* (Private Attorneys General Act).

**JURY TRIAL DEMANDED**

Plaintiff CHRISTINE ESPINOSA, individually and on behalf of all other members of the public similarly situated and as an aggrieved employee pursuant to the Private Attorneys General Act, alleges as follows:

**THE PARTIES**

1.     Plaintiff CHRISTINE ESPINOSA ("Plaintiff") is at least 18 years of age and a resident of the County of Los Angeles in the State of California.

2.     Defendant GENESIS HEALTHCARE, INC. ("GHI") was and is, upon information and belief, a Delaware corporation, and at all times hereinafter mentioned, an employer whose employees are engaged throughout this county and in the State of California.

3.     Defendant GENESIS HEALTHCARE, LLC ("GHL") was and is, upon information and belief, a Delaware limited liability company, and at all times hereinafter mentioned, an employer whose employees are engaged throughout this county and in the State of California.

4.     Defendant GHC PAYROLL, LLC, ("GHC PAYROLL") was and is, upon information and belief, a Delaware limited liability company, and at all times hereinafter mentioned, an employer whose employees are engaged throughout this county and in the State of California.

-2-

AEQUITAS LEGAL GROUP
A Professional Law Corporation
1156 E. Green Street, Suite 200
Pasadena, California 91106

1   5.   Defendant ANAHEIM TERRACE CARE CENTER, LLC, ("ANAHEIM

2   TERRACE") was and is, upon information and belief, a Delaware limited liability company, and

3   at all times hereinafter mentioned, an employer whose employees are engaged throughout this

4   county and in the State of California.

5   6.   Plaintiff is unaware of the true names or capacities of defendants sued herein under

6   the fictitious names DOES 1 through 100, but prays for leave to amend and serve such fictitiously

7   named defendants pursuant to California Code of Civil Procedure § 474 once their names and

8   capacities become known.

9   7.   Plaintiff is informed and believes, and thereon alleges, that DOES 1 through 10 are

10   the partners, agents, owners, shareholders, managers or employees of GHI, GHL, GHC

11   PAYROLL, and ANAHEIM TERRACE and were acting on behalf of GHI, GHL, GHC

12   PAYROLL, and ANAHEIM TERRACE at all relevant times.

13   8.   Plaintiff is informed and believes, and thereon alleges, that each and all of the acts

14   and omissions alleged herein were performed by, or are attributable to GHI, GHL, GHC

15   PAYROLL, ANAHEIM TERRACE and DOES 1 through 100 (collectively, "Defendants"), each

16   acting as the agent for the other, with legal authority to act on the other's behalf.  The acts of any

17   and all Defendants were in accordance with, and represent the official policy of Defendants.

18   9.   At all relevant times herein mentioned, Defendants, and each of them, ratified each

19   and every act or omission complained of herein.  At all times herein mentioned, Defendants, and

20   each of them, aided and abetted the acts and omissions of each and all the other Defendants in

21   proximately causing the damages herein alleged.

22   10.   Plaintiff is informed and believes, and thereon alleges, that each of said

23   Defendants is in some manner intentionally, negligently, or otherwise responsible for the acts,

24   omissions, occurrences, and transactions alleged herein.

25

26   **JURISDICTION AND VENUE**

27   11.   This class action is brought pursuant to California Code of Civil Procedure § 382.

28   The monetary damages and restitution sought by Plaintiff exceeds the minimal jurisdiction limits

-3-

1   of the Superior Court and will be established according to proof at trial. The amount in

2   controversy for each class representative, including claims for compensatory damages and pro rata

3   share of attorneys' fees, is less than $75,000.

4       12.    This Court has jurisdiction over this action pursuant to the California Constitution,

5   Article VI, Section 10, which grants the Superior Court "original jurisdiction in all causes except

6   those given by statute to other courts." The statutes under which this action is brought do not

7   specify any other basis for jurisdiction.

8       13.    This Court has jurisdiction over all Defendants because, upon information and

9   belief, each party is either a citizen of California, has sufficient minimum contacts in California, or

10   otherwise intentionally avails itself of the California market so as to render the exercise of

11   jurisdiction over it by the California courts consistent with traditional notions of fair play and

12   substantial justice.

13       14.    Venue is proper in this Court because, upon information and belief, one or more of

14   the named Defendants reside, transact business, or have offices in this county and the acts and

15   omissions alleged herein took place in this county.

16

17   **CLASS ACTION ALLEGATIONS**

18       15.    Plaintiff brings this action on her own behalf, as well as on behalf of each and all

19   other persons similarly situated, and thus, seeks class certification under California Code of Civil

20   Procedure § 382.

21       16.    All claims alleged herein arise under California law for which Plaintiff seeks relief

22   authorized by California law.

23       17.    Plaintiff's proposed class consists of and is defined as:

24           All non-exempt employees who have been employed by

25           Defendants in the State of California within four years prior to

26           the filing of this complaint until the date of certification of the

27           class in this lawsuit.

28       18.    Plaintiff reserves the right to establish additional subclasses as appropriate.

AEQUITAS LEGAL GROUP
A Professional Law Corporation
1156 E. Green Street, Suite 200
Pasadena, California 91106

-4-

19.     There is a well-defined community of interest in the litigation and the class is readily ascertainable:

  (a) <u>Numerosity</u>:  The members of the class (and each subclass, if any) are so numerous that joinder of all members would be unfeasible and impractical.  The membership of the entire class is unknown to Plaintiff at this time, however, the class is estimated to be sufficiently numerous and the identity of such membership is readily ascertainable by inspection of Defendants' employment records.

  (b) <u>Typicality</u>:  Plaintiff is qualified to, and will, fairly and adequately protect the interests of each class member with whom she has a well-defined community of interest, and Plaintiff's claims (or defenses, if any) are typical of all similarly situated employees' as demonstrated herein.

  (c) <u>Adequacy</u>:  Plaintiff is qualified to, and will, fairly and adequately, protect the interests of each class member with whom she has a well-defined community of interest and typicality of claims, as demonstrated herein.  Plaintiff acknowledges that she has an obligation to make known to the Court any relationship, conflicts or differences with any class member.  Plaintiff's attorneys, the proposed class counsel, are well-versed in the rules governing class action discovery, certification, and settlement.  Plaintiff and her counsel have incurred, and throughout the duration of this action, will continue to incur costs and attorneys' fees that have been, are, and will be necessarily expended for the prosecution of this action for the substantial benefit of each class member.

  (d) <u>Superiority</u>:  The nature of this action makes the use of class action adjudication superior to other methods.  A class action will achieve economies of time, effort and expense as compared with separate lawsuits, and will avoid inconsistent outcomes because the same issues can be adjudicated in the same manner and at the same time for the entire class.

AEQUITAS LEGAL GROUP
A Professional Law Corporation
1156 E. Green Street, Suite 200
Pasadena, California 91106

AEQUITAS LEGAL GROUP
A Professional Law Corporation
1156 E. Green Street, Suite 200
Pasadena, California 91106

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

(e)  Public Policy Considerations:  Employers in the State of California violate employment and labor laws every day.  Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation.  Former employees are fearful of bringing actions because they believe their former employers might damage their future endeavors through negative references and/or other means.  Class actions provide the similarly situated employees who are not named in the complaint with a type of anonymity that allows for the vindication of their rights at the same time as their privacy is protected.

20.  There are common questions of law and fact as to the class (and each subclass, if any) that predominate over questions affecting only individual members, including but not limited to:

(a)  Whether Defendants paid Plaintiff and similarly situated employees no less than the applicable minimum wage for all hours worked, as required by California law;

(b)  Whether Defendants paid Plaintiff and similarly situated employees for all of their overtime hours at the correct hourly rate, as required by California law;

(c)  Whether Defendants paid Plaintiff and similarly situated employees for all of their double time hours at the correct hourly rate, as required by California law;

(d)  Whether Defendants provided Plaintiff and similarly situated employees with a 30-minute, duty-free meal break for every five hours of work, and whether Defendants paid the required premium wages when compliant meal breaks were not provided, as required by California law;

(e)  Whether Defendants provided Plaintiff and similarly situated employees with a duty-free rest break of at least 10 minutes for every four hours worked or major fraction thereof, and whether Defendants paid the

AEQUITAS LEGAL GROUP
A Professional Law Corporation
1156 E. Green Street, Suite 200
Pasadena, California 91106

1    required premium wages when compliant rest breaks were not provided,

2    as required by California law;

3    (f)    Whether Defendants paid Plaintiff and similarly situated employees all

4    wages owed upon the separation of their employment within the time

5    periods required by California law;

6    (g)    Whether Defendants paid Plaintiff and similarly situated employees all

7    accrued vacation wages upon the separation of their employment, as

8    required by California law;

9    (h)    Whether Defendants provided accurate, itemized wage statements to

10    Plaintiff and similarly situated employees, as required by California law;

11    (i)    Whether Defendants' conduct, as described above, was willful or reckless;

12    (j)    Whether Defendants engaged in unfair business practices in violation of

13    California Business & Professions Code §§ 17200, *et seq.*; and

14    (k)    The appropriate amount of damages, restitution, or monetary penalties

15    resulting from Defendants' violations of California law.

16

17    **GENERAL ALLEGATIONS**

18    21.    At all relevant times set forth herein, Defendants employed Plaintiff and other

19    similarly situated persons as non-exempt employees who belong to the class as set forth above.

20    22.    Defendants employed Plaintiff CHRISTINE ESPINOSA as a non-exempt, hourly-

21    paid Licensed Vocational Nurse from approximately March 2017 to approximately September

22    2018 at Anaheim Terrace Care Center.  Plaintiff's job duties included caring for patients at a long-

23    term care facility.

24    23.    Plaintiff and other similarly situated employees were not paid all of the wages

25    owed to them due to Defendants' unlawful policies and practices.  Defendants had a policy and

26    practice of failing to pay employees at the correct rate for their overtime and double time hours.

27    Overtime hours were paid at the regular rate, and double time hours were paid at the overtime or

28    regular rate.  In addition, Defendants required and/or suffered or permitted employees to work off

-7-

1    the clock.  Employees had a heavy workload and the facilities were understaffed.  As healthcare

2    providers, employees could not simply abandon their patients at the end of their scheduled shifts,

3    but rather had to stay until the day's work was done.  Defendants informed employee that they had

4    to stay until their work was done but that overtime should not be worked.  As a result, employees

5    worked off the clock.  The off the clock time includes overtime and double time hours.

6          24.    Defendants failed to provide Plaintiff and other similarly situated employees with a

7    30-minute, duty-free meal break for every five hours of work.  Employees routinely missed meal

8    breaks or had late, short, or interrupted meal breaks due to a heavy workload and lack of sufficient

9    staffing.  Further, Defendants required employees to clock out for meal breaks even though

10   employees were not able to take compliant meal breaks, or any meal breaks at all.  This created the

11   false appearance that compliant meal breaks were taken when they were not.  Defendants failed to

12   pay meal break premiums when compliant meal breaks were not provided.

13         25.    Plaintiff and similarly situated employees were not provided with a duty-free rest

14   break of at least 10 minutes for every four hours of work or major fraction thereof.  Plaintiff and

15   similarly situated employees were unable to take compliant rest breaks for the same reasons they

16   could not take compliant meal breaks, as set forth in paragraph 24 herein.  Defendants failed to

17   pay rest break premiums when compliant rest breaks were not provided.

18         26.    Defendants failed to pay Plaintiff and similarly situated employees for all of their

19   accrued, unused vacation time upon the separation of their employment.

20         27.    Defendants did not timely pay Plaintiff and similarly situated employees all wages

21   owed upon the separation of their employment, including the unpaid wages described in

22   paragraphs 23-26 herein.

23         28.    Defendants did not provide Plaintiff and similarly situated employees with accurate

24   itemized wage statements, as required by California Labor Code § 226(a), because the wage

25   statements provided by Defendants fail to accurately state Plaintiff's and similarly situated

26   employees' total hours worked and the corresponding hourly rates as a result of the failure to pay

27   wages described in paragraphs 23-25 herein.

28         29.    Defendants continue to employ non-exempt employees, who belong to the class as

AEQUITAS LEGAL GROUP
A Professional Law Corporation
1156 E. Green Street, Suite 200
Pasadena, California 91106

-8-

1 | set forth above, within California.

2 |      30.    Plaintiff is informed and believes, and thereon alleges, that at all times herein

3 | mentioned, Defendants were advised by skilled lawyers and other professionals, employees and

4 | advisors knowledgeable about California labor and wage law, employment and personnel

5 | practices, and about the requirements of California law.

6 |      31.    Plaintiff is informed and believes, and thereon alleges, that Defendants knew or

7 | should have known that Plaintiff and similarly situated employees were entitled to receive

8 | minimum wage for all hours worked as well as overtime pay at one-and-a-half times the regular

9 | rate of pay and double time pay at twice the regular rate of pay, but that Plaintiff and similarly

10 | situated employees were not paid all their hours worked and/or were not paid at the correct hourly

11 | rate.

12 |      32.    Plaintiff is informed and believes, and thereon alleges, that Defendants knew or

13 | should have known that Plaintiff and similarly situated employees were entitled to receive all meal

14 | breaks as required by California law, or payment of one additional hour of pay at the regular rate

15 | of pay when a compliant meal break was not provided.

16 |      33.    Plaintiff is informed and believes, and thereon alleges, that Defendants knew or

17 | should have known that Plaintiff and similarly situated employees were entitled to receive all rest

18 | breaks as required by California law, or payment of one additional hour of pay at the regular rate

19 | of pay when a compliant rest break was not provided.

20 |      34.    Plaintiff is informed and believes, and thereon alleges, that Defendants knew or

21 | should have known that Plaintiff and similarly situated employees were entitled to timely payment

22 | of all wages, including, without limitation, regular, overtime, and double time wages and premium

23 | wages for meal and rest break violations, due upon termination or discharge in accordance with

24 | California law.

25 |      35.    Plaintiff is informed and believes, and thereon alleges, that Defendants knew or

26 | should have known that Plaintiff and similarly situated employees were entitled to receive

27 | complete and accurate wage statements in accordance with California law.

28 |      36.    Plaintiff is informed and believes, and thereon alleges, that at all times herein

AEQUITAS LEGAL GROUP
A Professional Law Corporation
1156 E. Green Street, Suite 200
Pasadena, California 91106

-9-

1   mentioned, Defendants knew or should have known that they had a duty to compensate Plaintiff

2   and similarly situated employees, and that Defendants had the financial ability to pay such

3   compensation, but willfully, knowingly and intentionally failed to do so, and falsely represented to

4   Plaintiff and similarly situated employees that they were properly compensated, all in order to

5   increase Defendants' profits.

6       37.   California Labor Code § 218 states that nothing in Article 1 of the Labor Code shall

7   limit the right of any wage claimant to "sue directly . . . for any wages or penalty due to him [or

8   her] under this article.

9       38.   At all times herein set forth, California Private Attorneys General Act, Labor Code

10   §§ 2698, *et seq.* ("PAGA") was applicable to Plaintiff's employment by Defendants.

11      39.   At all times herein set forth, PAGA provides that any provision of law under the

12   California Labor Code that provides for a civil penalty to be assessed and collected by the Labor

13   and Workforce Development Agency for violations of the California Labor Code may, as an

14   alternative, be recovered through a civil action brought by an aggrieved employee on behalf of

15   himself or herself and other current or former employees pursuant to procedures outlined in

16   California Labor Code § 2699.3.

17      40.   Pursuant to PAGA, a civil action under PAGA may be brought by an "aggrieved

18   employee," who is any person that was employed by the alleged violator and against whom one or

19   more of the alleged violations was committed.

20      41.   Plaintiff was employed by Defendants and the alleged violations were committed

21   against her during her time of employment and she is, therefore, an aggrieved employee. Plaintiff

22   and other employees are "aggrieved employees" as defined by California Labor Code § 2699(c) in

23   that they are all current or former employees of Defendants, and one or more of the alleged

24   violations were committed against them.

25      42.   Pursuant to California Labor Code §§ 2699.3 and 2699.5, an aggrieved employee,

26   including Plaintiff, may pursue a civil action arising under PAGA after the following requirements

27   have been met:

28          (a)   The aggrieved employee or representative shall give written notice by

AEQUITAS LEGAL GROUP
A Professional Law Corporation
1156 E. Green Street, Suite 200
Pasadena, California 91106

-10-

1
2
3
4

AEQUITAS LEGAL GROUP
A Professional Law Corporation
1156 E. Green Street, Suite 200
Pasadena, California 91106

online filing with the Labor and Workforce Development Agency and by certified mail to the employer of the specific provisions of this code alleged to have been violated, including the facts and theories to support the alleged violation.

5   (b)   The LWDA shall provide notice to the employer and the aggrieved
6   employee by certified mail that it does not intend to investigate the alleged
7   violation within sixty (60) calendar days of the postmark date of the
8   Employee's Notice.  Upon receipt of this notice, or if the notice is not
9   provided within sixty-five (65) calendar days of the postmark date of the
10  Employee's Notice, the aggrieved employee may commence a civil action
11  pursuant to California Labor Code § 2699 to recover civil penalties in
12  addition to any other penalties to which the employee may be entitled.

13  (c)   On July 17, 2019, Plaintiff provided the requisite written notice by online
14  filing to the LWDA and by certified mail to Defendants, informing them of
15  the specific provisions of the California Labor Code alleged to have been
16  violated, including the facts and theories to support the alleged violations.
17  As of the filing date of this complaint, the LWDA has not responded to
18  Plaintiff's PAGA notice.

19      43.   Plaintiff has satisfied the administrative prerequisites under California Labor Code
20  § 2699.3(a) to recover civil penalties against Defendants, in addition to other remedies, for
21  violations of California Labor Code §§ 201, 202, 203, 226, 226.7, 227.3, 510, 512, 558, 1194, and
22  1198.

23

24                          **FIRST CAUSE OF ACTION**

25              **Violation of California Labor Code §§ 510, 1194, and 1198**

26                          **(Against All Defendants)**

27      44.   Plaintiff incorporates by reference and re-alleges as if fully stated herein the
28  material allegations set out in paragraphs 1 through 43.

-11-

45.     California Labor Code § 510 codifies the right to overtime compensation at one-and-one-half times the regular hourly rate for hours worked in excess of eight (8) hours in a day or forty (40) hours in a week or for the first eight (8) hours worked on the seventh day of work, and to overtime compensation at twice the regular hourly rate for hours worked in excess of twelve (12) hours in a day or in excess of eight (8) hours in a day on the seventh day of work.

46.     During the relevant time period, Plaintiff and similarly situated employees consistently worked in excess of eight (8) hours in a day and/or in excess of forty (40) hours in a week.

47.     California Labor Code § 1198 and the applicable Industrial Welfare Commission ("IWC") Wage Order provide that it is unlawful to employ persons without compensating them at minimum wage for all hours worked and at an applicable overtime rate of pay for all overtime hours worked.

48.     Specifically, the applicable IWC Wage Order provides that Defendants are and were required to pay Plaintiff and similarly situated employees employed by Defendants, and working more than eight (8) hours in a day or more than forty (40) hours in a workweek, at the rate of time-and-one-half for all hours worked in excess of eight (8) hours in a day or more than forty (40) hours in a workweek.

49.     Plaintiff and other similarly situated employees were not paid all of the wages owed to them due to Defendants' unlawful policies and practices.  Defendants had a policy and practice of failing to pay employees at the correct rate for their overtime and double time hours.  Overtime hours were paid at the regular rate, and double time hours were paid at the overtime or regular rate.  In addition, Defendants required and/or suffered or permitted employees to work off the clock.  Employees had a heavy workload and the facilities were understaffed.  As healthcare providers, employees could not simply abandon their patients at the end of their scheduled shifts, but rather had to stay until the day's work was done.  Defendants informed employee that they had to stay until their work was done but that overtime should not be worked.  As a result, employees worked off the clock.  The off the clock time includes overtime and double time hours.

50.     Defendants' failure to pay Plaintiff's and similarly situated employees' regular,

AEQUITAS LEGAL GROUP
A Professional Law Corporation
1156 E. Green Street, Suite 200
Pasadena, California 91106

-12-

1 │ overtime, and double time wages violates the provisions of California Labor Code §§ 510, 1194

2 │ and 1198, and is therefore unlawful.

3 │     51.     Plaintiff and similarly situated employees are entitled to recover their unpaid wages

4 │ and such general and special damages as may be appropriate and interest thereon.

5 │     52.     Pursuant to California Labor Code § 1194, Plaintiff and similarly situated

6 │ employees are entitled to recover their unpaid wages, as well as interest, costs, and attorneys' fees.

7 │

8 │ **SECOND CAUSE OF ACTION**

9 │ **Violation of California Labor Code §§ 226.7 and 512(a)**

10 │ **(Against All Defendants)**

11 │     53.     Plaintiff incorporates by reference and re-alleges as if fully stated herein the

12 │ material allegations set out in paragraphs 1 through 52.

13 │     54.     At all relevant times, the applicable IWC Wage Order and California Labor Code

14 │ §§ 226.7 and 512(a) were applicable to Plaintiff's and similarly situated employees' employment

15 │ by Defendants.

16 │     55.     At all relevant times, California Labor Code § 226.7 provides that no employer

17 │ shall require an employee to work during any meal period mandated by an applicable order of the

18 │ California IWC.

19 │     56.     At all relevant times, the applicable IWC Wage Order and California Labor Code §

20 │ 512(a) provide that an employer may not require, cause or permit an employee to work for a

21 │ period of more than five (5) hours per day without providing the employee with an uninterrupted

22 │ meal period of not less than thirty (30) minutes, except that if the total work period per day of the

23 │ employee is not more than six (6) hours, the meal period may be waived by mutual consent of

24 │ both the employer and the employee.

25 │     57.     At all relevant times, the applicable IWC Wage Order and California Labor Code

26 │ section 512(a) further provide that an employer may not require, cause or permit an employee to

27 │ work for a period of more than ten (10) hours per day without providing the employee with a

28 │ second uninterrupted meal period of not less than thirty (30) minutes, except that if the total hours

AEQUITAS LEGAL GROUP
A Professional Law Corporation
1156 E. Green Street, Suite 200
Pasadena, California 91106

1  worked is not more than twelve (12) hours, the second meal period may be waived by mutual

2  consent of the employer and the employee only if the first meal period was not waived.

3       58.    During the relevant time period, Plaintiff and similarly situated employees who

4  were scheduled to work for a period of time no longer than six (6) hours, and who did not waive

5  their legally-mandated meal periods by mutual consent, were required to work for periods longer

6  than five (5) hours without an uninterrupted meal period of not less than thirty (30) minutes.

7       59.    During the relevant time period, Plaintiff and similarly situated employees who

8  were scheduled to work for a period of time in excess of six (6) hours were required to work for

9  periods longer than five (5) hours without an uninterrupted meal period of not less than thirty (30)

10  minutes.

11       60.    During the relevant time period, Defendants failed to provide Plaintiff and other

12  similarly situated employees with a 30-minute, duty-free meal break for every five hours of work.

13  Employees routinely missed meal breaks or had late, short, or interrupted meal breaks due to a

14  heavy workload and lack of sufficient staffing.  Further, Defendants required employees to clock

15  out for meal breaks even though employees were not able to take compliant meal breaks, or any

16  meal breaks at all.  This created the false appearance that compliant meal breaks were taken when

17  they were not.  Defendants failed to pay meal break premiums when compliant meal breaks were

18  not provided.

19       61.    During the relevant time period, Defendants failed to pay Plaintiff and similarly

20  situated employees the meal break premiums due for non-compliant meal breaks pursuant to

21  California Labor Code § 226.7.

22       62.    Defendants' conduct violates the applicable IWC Wage Orders and California

23  Labor Code §§ 226.7 and 512(a).

24       63.    Pursuant to the applicable IWC Wage Order and California Labor Code § 226.7(b),

25  Plaintiff and similarly situated employees are entitled to recover from Defendants one additional

26  hour of pay at the employees' regular hourly rate of compensation for each work day that a

27  compliant meal break was not provided.

28  / / /

AEQUITAS LEGAL GROUP
A Professional Law Corporation
1156 E. Green Street, Suite 200
Pasadena, California 91106

1

2

3

4

5

6

7

8

9

10

11

AEQUITAS LEGAL GROUP
A Professional Law Corporation
1156 E. Green Street, Suite 200
Pasadena, California 91106

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**THIRD CAUSE OF ACTION**

**Violation of California Labor Code § 226.7**

**(Against All Defendants)**

64.    Plaintiff incorporates by reference and re-alleges as if fully stated herein the material allegations set out in paragraphs 1 through 63.

65.    At all relevant times herein set forth, the applicable IWC Wage Order and California Labor Code § 226.7 were applicable to Plaintiff's and similarly situated employees' employment by Defendants.

66.    At all relevant times, California Labor Code § 226.7 provides that no employer shall require an employee to work during any rest period mandated by an applicable order of the California IWC.

67.    At all relevant times, the applicable IWC Wage Order provides that "[e]very employer shall authorize and permit all employees to take rest periods, which insofar as practicable shall be in the middle of each work period" and that the "rest period time shall be based on the total hours worked daily at the rate of ten (10) minutes net rest time per four (4) hours or major fraction thereof" unless the total daily work time is less than three and one-half (3½) hours.

68.    During the relevant time period, Defendants required Plaintiff and similarly situated employees to work four (4) or more hours without authorizing or permitting a ten (10) minute rest period per each four (4) hour period worked or major fraction thereof.

69.    Plaintiff and similarly situated employees were not provided with a duty-free rest break of at least 10 minutes for every four hours of work or major fraction thereof.  Plaintiff and similarly situated employees were unable to take compliant rest breaks for the same reasons they could not take compliant meal breaks, as set forth in paragraphs 24 and 60 herein.

70.    During the relevant time period, Defendants failed to pay Plaintiff and similarly situated employees the rest break premiums due for non-compliant rest breaks pursuant to California Labor Code § 226.7.

/ / /

71.     Defendants' conduct violates the applicable IWC Wage Orders and California Labor Code § 226.7.

72.     Pursuant to the applicable IWC Wage Order and California Labor Code § 226.7(b), Plaintiff and similarly situated employees are entitled to recover from Defendants one additional hour of pay at the employee's regular hourly rate of compensation for each work day that a compliant rest break was not provided.

## FOURTH CAUSE OF ACTION

### Violation of California Labor Code §§ 201, 202 and 203

### (Against All Defendants)

73.     Plaintiff incorporates by reference and re-alleges as if fully stated herein the material allegations set out in paragraphs 1 through 72.

74.     At all times herein set forth, California Labor Code §§ 201 and 202 provide that if an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately, and that if an employee voluntarily leaves his or her employment, his or her wages shall become due and payable not later than seventy-two (72) hours thereafter, unless the employee has given seventy-two (72) hours previous notice of his or her intention to quit, in which case the employee is entitled to his or her wages at the time of quitting.

75.     The unpaid wages owed to Plaintiff and putative similarly situated employees at the time of termination of their employment include unpaid regular, overtime, and double time wages and premium wages for non-compliant meal and rest breaks, as set forth herein.

76.     Defendants' failure to pay Plaintiff and those similarly situated employees who are no longer employed by Defendants their wages earned and unpaid at the time of discharge, or within seventy-two (72) hours of their leaving Defendants' employ, is in violation of California Labor Code §§ 201, 202 and 203.

77.     All California employers know or should know that employees must be paid for all time spent under the employer's control and that overtime wages are paid at one and a half times the regular rate of pay and double time wages at twice the regular rate of pay. Defendant's failure

AEQUITAS LEGAL GROUP
A Professional Law Corporation
1156 E. Green Street, Suite 200
Pasadena, California 91106

1  to abide by these well-established laws is willful and not in good faith.

2       78.    California Labor Code § 203 provides that if an employer willfully fails to pay

3  wages owed, in accordance with §§ 201 and 202, then the wages of the employee shall continue as

4  a penalty from the due date, and at the same rate until paid or until an action is commenced; but

5  the wages shall not continue for more than thirty (30) days.

6       79.   Plaintiff and similarly situated employees are entitled to recover from Defendants

7  the statutory penalty wages for each day they were not paid, up to a thirty (30) day maximum

8  pursuant to California Labor Code § 203.

## FIFTH CAUSE OF ACTION

### Violation of California Labor Code § 227.3

### (Against All Defendants)

80.    Plaintiff incorporates by reference and re-alleges as if fully stated herein the material allegations set out in paragraphs 1 through 79.

81.    At all material times set forth herein, California Labor Code § 227.3 provides that unless otherwise stipulated by a collective bargaining agreement, whenever a contract of employment or employer policy provides for paid vacations, all vested vacation must be paid to the employee.

82.    Defendants failed to pay Plaintiff and other similarly situated employees for all of their accrued, unused vacation time upon the separation of their employment with Defendants.

83.    As a result of Defendants' violation of California Labor Code § 227.3, Plaintiff and other class members have suffered injury and damage to their statutorily-protected rights.

84.    Plaintiff and the class members are entitled to recover reasonable attorneys' fees and costs pursuant to California Labor Code § 218.5, as well as interest pursuant to California Labor Code § 218.6.

/ / /

/ / /

/ / /

AEQUITAS LEGAL GROUP
A Professional Law Corporation
1156 E. Green Street, Suite 200
Pasadena, California 91106

**SIXTH CAUSE OF ACTION**

**Violation of California Labor Code § 226(a)**

**(Against All Defendants)**

85.     Plaintiff incorporates by reference and re-alleges as if fully stated herein the material allegations set out in paragraphs 1 through 84.

86.     At all material times set forth herein, California Labor Code § 226(a) provides that every employer shall furnish each of his or her employees an accurate itemized wage statement in writing showing the following information: (1) gross wages earned; (2) total hours worked by the employee, except for any employee whose compensation is solely based on a salary and who is exempt from payment of overtime under subdivision (a) of Section 515 or any applicable order of the Industrial Welfare Commission; (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis; (4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item; (5) net wages earned; (6) the inclusive dates of the period for which the employee is paid; (7) the name of the employee and his or her social security number, except that by January 1, 2008, only the last four digits of his or her social security number or an employee identification number other than a social security number may be shown on the itemized statement; (8) the name and address of the legal entity that is the employer; and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee.

87.     Defendants have intentionally and willfully failed to provide employees with complete and accurate wage statements because the wage statements provided by Defendants fail to accurately state Plaintiff's and similarly situated employees' total hours worked and the corresponding hourly rates as a result of the failure to pay the wages described herein.

88.     As a result of Defendants' violation of California Labor Code § 226(a), Plaintiff and similarly situated employees have suffered injury and damage to their statutorily-protected rights.

89.     Specifically, Plaintiff and other similarly situated employees have been injured by Defendants' intentional violation of California Labor Code § 226(a) because they were denied

AEQUITAS LEGAL GROUP
A Professional Law Corporation
1156 E. Green Street, Suite 200
Pasadena, California 91106

-18-

AEQUITAS LEGAL GROUP
A Professional Law Corporation
1156 E. Green Street, Suite 200
Pasadena, California 91106

1    both their legal right to receive, and their protected interest in receiving, accurate, itemized wage

2    statements under California Labor Code § 226(a).  Plaintiff and other similarly situated employees

3    have been injured by Defendants' intentional violation of California Labor Code § 226(a) in that it

4    has caused confusion over whether they had received all of the wages owed them, in addition to

5    their difficulty and expense in reconstructing pay records and making mathematical computations

6    to analyze whether the wages paid them did in fact compensate them for all hours worked

7        90.    Furthermore, Labor Code § 226(e)(2)(B) provides that an employee is deemed to

8    suffer injury if the wage statement fails to accurately and completely provide certain pieces of

9    information and the employee cannot promptly and easily determine such information from the

10   wage statement alone.  In relevant part, Labor Code § 226(e)(2)(B) provides that an employee is

11   deemed to suffer injury if the wage statement does not  accurately and completely state the total

12   number of hours worked by the employee, and all applicable hourly rates in effect during the pay

13   period and the corresponding number of hours worked at each hourly rate.

14       91.    Plaintiff and similarly situated employees are entitled to recover from Defendants

15   the greater of their actual damages caused by Defendants' failure to comply with California Labor

16   Code § 226(a), or an aggregate penalty not exceeding four thousand dollars per employee.

17       92.    Plaintiff and similarly situated employees are also entitled to injunctive relief to

18   ensure compliance with this section, pursuant to California Labor Code § 226(g).

19

20                              **SEVENTH CAUSE OF ACTION**

21           **Violation of California Business & Professions Code §§ 17200, *et seq.***

22                               **(Against All Defendants)**

23       93.    Plaintiff incorporates by reference and re-alleges as if fully stated herein the

24   material allegations set out in paragraphs 1 through 92.

25       94.    Defendants' conduct, as alleged herein, has been, and continues to be, unfair,

26   unlawful, and harmful to Plaintiff, other similarly situated employees, and to the general public.

27   Plaintiff seeks to enforce important rights affecting the public interest within the meaning of Code

28   of Civil Procedure § 1021.5.

AEQUITAS LEGAL GROUP
A Professional Law Corporation
1156 E. Green Street, Suite 200
Pasadena, California 91106

95.    Defendants' activities, as alleged herein, are violations of California law, and constitute unlawful business acts and practices in violation of California Business & Professions Code §§ 17200, *et seq.*

96.    A violation of California Business & Professions Code §§ 17200, *et seq.* may be predicated on the violation of any state or federal law.  In this case, Defendants' policy and practice of not paying all regular, overtime, and double time wages due violates California Labor Code §§ 510, 1194, and 1198; Defendants' policy and practice of requiring Plaintiff and similarly situated employees to work through their meal and rest breaks without paying them proper compensation violates California Labor Code §§ 226.7 and 512(a); Defendants' policy and practice of not timely paying all wages owed to Plaintiff and other similarly situated employees upon resignation or termination violates California Labor Code §§ 201, 202, and 203; Defendants' policy and practice of not paying accrued vacation wages upon separation violates California Labor Code § 227.3; and Defendants' policy and practice of failing to provide accurate itemized wage statements violates California Labor Code § 226.

97.    Plaintiff and putative similarly situated employees have been personally injured by Defendants' unlawful business acts and practices as alleged herein, including but not necessarily limited to the loss of money and/or property.

98.    Pursuant to California Business & Professions Code §§ 17200, *et seq.*, Plaintiff and putative similarly situated employees are entitled to restitution of the wages withheld and retained by Defendants during a period that commences four years prior to the filing of this complaint; a permanent injunction requiring Defendants to pay all outstanding wages due to Plaintiff and similarly situated employees; an award of attorneys' fees pursuant to California Code of Civil Procedure § 1021.5 and other applicable laws; and an award of costs.

/ / /

/ / /

/ / /

/ / /

/ / /

AEQUITAS LEGAL GROUP
A Professional Law Corporation
1156 E. Green Street, Suite 200
Pasadena, California 91106

**EIGHTH CAUSE OF ACTION**

**Penalties pursuant to California Labor Code §§ 2698, *et seq.***

**(Private Attorneys General Act)**

**(Against all Defendants)**

99.   Plaintiff incorporates by reference and re-alleges as if fully stated herein the material allegations set out in paragraphs 1 through 98.

100.   At all times herein set forth, PAGA was applicable to Plaintiff's employment by Defendants.

101.   At all times herein set forth, PAGA provides that any provision of law under the California Labor Code that provides for a civil penalty to be assessed and collected by the LWDA for violations of the California Labor Code may, as an alternative, be recovered through a civil action brought by an aggrieved employee on behalf of himself or herself and other current or former employees pursuant to procedures outlined in California Labor Code § 2699.3.

102.   Pursuant to PAGA, a civil action under PAGA may be brought by an "aggrieved employee," who is any person that was employed by the alleged violator and against whom one or more of the alleged violations was committed.

103.   Plaintiff was employed by Defendants and the alleged violations were committed against her during her time of employment and she is, therefore, an aggrieved employee. Plaintiff and other employees are "aggrieved employees" as defined by California Labor Code § 2699(c) in that they are all current or former employees of Defendants, and one or more of the alleged violations were committed against them.

104.   Pursuant to California Labor Code §§ 2699.3 and 2699.5, an aggrieved employee, including Plaintiff, may pursue a civil action arising under PAGA after the following requirements have been met:

      (a)   The aggrieved employee or representative shall give written notice by online filing with the Labor and Workforce Development Agency ("LWDA") and by certified mail to the employer of the specific provisions of this code alleged to have been violated, including the facts and theories

-21-

to support the alleged violation.

(b)     The LWDA shall provide notice to the employer and the aggrieved employee by certified mail that it does not intend to investigate the alleged violation within sixty (60) calendar days of the postmark date of the Employee's Notice.  Upon receipt of the this notice, or if this notice is not provided within sixty-five (65) calendar days of the postmark date of the Employee's Notice, the aggrieved employee may commence a civil action pursuant to California Labor Code § 2699 to recover civil penalties in addition to any other penalties to which the employee may be entitled.

(c)     On July 17, 2019, Plaintiff provided the requisite written notice by online filing to the LWDA and by certified mail to Defendants, informing them of the specific provisions of the California Labor Code alleged to have been violated, including the facts and theories to support the alleged violations. As of the filing date of this complaint, the LWDA has not responded to Plaintiff's PAGA notice.

105.     Plaintiff has satisfied the administrative prerequisites under California Labor Code § 2699.3(a) to recover civil penalties against Defendants, in addition to other remedies, for violations of California Labor Code §§ 201, 202, 203, 226, 226.7, 227.3, 510, 512, 558, 1194, and 1198.

## REQUEST FOR JURY TRIAL

Plaintiff requests a trial by jury.

## PRAYER FOR RELIEF

Plaintiff, and on behalf of all others similarly situated, prays for relief and judgment against Defendants, jointly and severally, as follows:

As to the First Cause of Action

1.     That the Court declare, adjudge and decree that Defendants violated California

-22-

AEQUITAS LEGAL GROUP
A Professional Law Corporation
1156 E. Green Street, Suite 200
Pasadena, California 91106

1 | Labor Code §§ 510, 1194 and 1198 and applicable IWC Wage Orders by willfully failing to pay

2 | all wages, including regular, overtime, and double time wages, due to Plaintiff and similarly

3 | situated employees;

4 |     2.    For general unpaid wages at the applicable wage rates and such general and special

5 | damages as may be appropriate;

6 |     3.    For pre-judgment interest on any unpaid wages commencing from the date such

7 | amounts were due;

8 |     4.    For reasonable attorneys' fees and for costs of suit incurred herein pursuant to

9 | California Labor Code § 1194(a); and

10 |     5.    For such other and further relief as the Court may deem equitable and appropriate.

11 | As to the Second Cause of Action

12 |     6.    That the Court declare, adjudge and decree that Defendants violated California

13 | Labor Code §§ 226.7 and 512 and applicable IWC Wage Orders by willfully failing to provide

14 | compliant meal breaks to Plaintiff and similarly situated employees;

15 |     7.    That the Court make an award to the Plaintiff and similarly situated employees of

16 | one (1) hour of pay at each employee's regular rate of compensation for each workday that a

17 | compliant meal break was not provided;

18 |     8.    For all actual, consequential, and incidental losses and damages, according to

19 | proof;

20 |     9.    For premiums pursuant to California Labor Code § 226.7(b);

21 |     10.    For pre-judgment interest on any unpaid wages from the date such amounts were

22 | due; and

23 |     11.    For such other and further relief as the Court may deem equitable and appropriate.

24 | As to the Third Cause of Action

25 |     12.    That the Court declare, adjudge and decree that Defendants violated California

26 | Labor Code § 226.7 and applicable IWC Wage Orders by willfully failing to provide compliant

27 | rest breaks to Plaintiff and similarly situated employees;

28 |     13.    That the Court make an award to the Plaintiff and similarly situated employees of

AEQUITAS LEGAL GROUP
A Professional Law Corporation
1156 E. Green Street, Suite 200
Pasadena, California 91106

-23-

1   one (l) hour of pay at each employee's regular rate of compensation for each workday that a

2   compliant rest break was not provided;

3       14.     For all actual, consequential, and incidental losses and damages, according to

4   proof;

5       15.     For premiums pursuant to California Labor Code § 226.7(b);

6       16.     For pre-judgment interest on any unpaid wages from the date such amounts were

7   due; and

8       17.     For such other and further relief as the Court may deem equitable and appropriate.

9                          As to the Fourth Cause of Action

10      18.     That the Court declare, adjudge and decree that Defendants violated California

11  Labor Code §§ 201, 202, and 203 by willfully failing to pay Plaintiff and similarly situated

12  employees all compensation owed to them at the time of their termination of the employment;

13      19.     For all actual, consequential and incidental losses and damages, according to

14  proof;

15      20.     For statutory penalties pursuant to California Labor Code § 203; and

16      21.     For such other and further relief as the Court may deem equitable and appropriate.

17                          As to the Fifth Cause of Action

18      22.     That the Court declare, adjudge and decree that Defendants violated California

19  Labor Code § 227.3 by failing to pay Plaintiff and class members all earned, accrued and vested

20  vacation wages to terminated employees;

21      23.     For all actual, consequential, and incidental losses and damages, according to

22  proof;

23      24.     For reasonable attorneys' fees and costs pursuant to California Labor Code § 218.5;

24      25.     For interest pursuant to California Labor Code § 218.6;

25      26.     For such other and further relief as the Court may deem equitable and appropriate.

26                          As to the Sixth Cause of Action

27      27.     That the Court declare, adjudge and decree that Defendants violated the record

28  keeping provisions of California Labor Code § 226(a) and applicable IWC Wage Orders as to

AEQUITAS LEGAL GROUP
A Professional Law Corporation
1156 E. Green Street, Suite 200
Pasadena, California 91106

-24-

1 Plaintiff and similarly situated employees, and willfully failed to provide accurate itemized wage

2 statements thereto;

3      28.     For all actual, consequential and incidental losses and damages, according to proof;

4      29.     For statutory penalties pursuant to California Labor Code § 226(e);

5      30.     For injunctive relief to ensure compliance with this section, pursuant to California

6 Labor Code § 226(g); and

7      31.     For such other and further relief as the Court may deem equitable and appropriate.

8 As to the Seventh Cause of Action

9      32.     That the Court declare, adjudge and decree that Defendants violated California

10 Business and Professions Code §§ 17200, *et seq.* by failing to pay Plaintiff and similarly situated

11 employees all wages due to them, including regular, overtime, and double time wages; failing to

12 provide compliant meal and rest breaks to Plaintiff and similarly situated employees; failing to pay

13 premium wages when compliant meal and rest breaks were not provided; failing to timely pay all

14 wages due upon employees' resignation or termination under California Labor Code § 201-203;

15 failing to pay accrued vacation wages upon termination as required by California Labor Code §

16 227.3; and failing to provide Plaintiff and similarly situated employees with compliant wage

17 statements under California Labor Code § 226.

18      33.     For restitution of unpaid wages to Plaintiff and all similarly situated employees and

19 prejudgment interest from the day such amounts were due and payable;

20      34.     For the appointment of a receiver to receive, manage and distribute any and all

21 funds disgorged from Defendants and determined to have been wrongfully acquired by Defendants

22 as a result of violations of California Business & Professions Code §§ 17200 *et seq.*;

23      35.     For reasonable attorneys' fees and costs of suit incurred herein pursuant to

24 California Code of Civil Procedure § 1021.5;

25      36.     For injunctive relief to ensure compliance with this section, pursuant to California

26 Business & Professions Code §§ 17200, *et seq.*; and

27      37.     For such other and further relief as the Court may deem equitable and appropriate.

28 ///

AEQUITAS LEGAL GROUP
A Professional Law Corporation
1156 E. Green Street, Suite 200
Pasadena, California 91106

**CLASS ACTION COMPLAINT & ENFORCEMENT ACTION UNDER PAGA**

AEQUITAS LEGAL GROUP
A Professional Law Corporation
1156 E. Green Street, Suite 200
Pasadena, California 91106

1

As to the Eighth Cause of Action

2      37.     For civil penalties pursuant to California Labor Code § 2699(f) and (g) in the

3  amount of $100 dollars for each violation per pay period for the initial violation and $200 for each

4  aggrieved employee per pay period for each subsequent violation, plus attorneys' fees and costs;

5      38.     For civil penalties pursuant to California Labor Code § 558 in the amount of $50

6  per pay period for each initial violation and $100 per pay period for each subsequent violation, to

7  all affected employees; and

8      39.     For such other and further relief as the Court may deem equitable and appropriate.

9

10  Dated:  October 25, 2019                        AEQUITAS LEGAL GROUP

11

12                                                  By:  _____

13                                                       RONALD H. BAE
                                                         OLIVIA D. SCHARRER
14                                                  Attorneys for Plaintiff CHRISTINE ESPINOSA

15

16

17

18

19

20

21

22

23

24

25

26

27

28

CLASS ACTION COMPLAINT & ENFORCEMENT ACTION UNDER PAGA

**CM-010**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| ⌐Ronald H. Bae (SBN 186826); Olivia D. Scharrer (SBN 291470) AEQUITAS LEGAL GROUP, A Professional Law Corporation 1156 E. Green Street, Suite 200 Pasadena, CA 91106 | |

TELEPHONE NO.: (213) 674-6080    FAX NO.: (213) 674-6081
ATTORNEY FOR *(Name)*: Plaintiff CHRISTINE ESPINOSA

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** LOS ANGELES
STREET ADDRESS: 111 N. Hill Street
MAILING ADDRESS: Same as above
CITY AND ZIP CODE: Los Angeles 90012
BRANCH NAME: Stanley Mosk Courthouse

CASE NAME:

**CONFORMED COPY ORIGINAL FILED**
Superior Court of California
County of Los Angeles

**OCT 28 2019**

Sherri R. Carter, Executive Officer/Clerk of Court

By: Isaac Lovo, Deputy

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: **19STCV38528** |
|---|---|---|
| ✔ Unlimited (Amount demanded exceeds $25,000) | ☐ Limited (Amount demanded is $25,000 or less) | ☐ Counter  ☐ Joinder | JUDGE: |
| | Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
☐ Auto (22)
☐ Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
☐ Asbestos (04)
☐ Product liability (24)
☐ Medical malpractice (45)
☐ Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
☐ Business tort/unfair business practice (07)
☐ Civil rights (08)
☐ Defamation (13)
☐ Fraud (16)
☐ Intellectual property (19)
☐ Professional negligence (25)
☐ Other non-PI/PD/WD tort (35)
**Employment**
☐ Wrongful termination (36)
✔ Other employment (15)

**Contract**
☐ Breach of contract/warranty (06)
☐ Rule 3.740 collections (09)
☐ Other collections (09)
☐ Insurance coverage (18)
☐ Other contract (37)
**Real Property**
☐ Eminent domain/Inverse condemnation (14)
☐ Wrongful eviction (33)
☐ Other real property (26)
**Unlawful Detainer**
☐ Commercial (31)
☐ Residential (32)
☐ Drugs (38)
**Judicial Review**
☐ Asset forfeiture (05)
☐ Petition re: arbitration award (11)
☐ Writ of mandate (02)
☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
☐ Antitrust/Trade regulation (03)
☐ Construction defect (10)
☐ Mass tort (40)
☐ Securities litigation (28)
☐ Environmental/Toxic tort (30)
☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
☐ Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
☐ RICO (27)
☐ Other complaint *(not specified above)* (42)
**Miscellaneous Civil Petition**
☐ Partnership and corporate governance (21)
☐ Other petition *(not specified above)* (43)

2. This case ✔ is   ☐ is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties
   b. ✔ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ✔ Substantial amount of documentary evidence
   d. ✔ Large number of witnesses
   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply)*: a. ✔ monetary   b. ✔ nonmonetary; declaratory or injunctive relief   c. ☐ punitive
4. Number of causes of action *(specify):* Eight (8)
5. This case ✔ is   ☐ is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: October 24, 2019

Ronald H. Bae
(TYPE OR PRINT NAME)                                                (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use Judicial Council of California CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740; Cal. Standards of Judicial Administration, std. 3.10 *www.courtinfo.ca.gov* |

| SHORT TITLE: ESPINOSA v. GENESIS HEALTHCARE, INC. et al. | CASE NUMBER **19STCV38528** |
|---|---|

## CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION
### (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

**This form is required pursuant to Local Rule 2.3 in all new civil case filings in the Los Angeles Superior Court.**

**Step 1:** After completing the Civil Case Cover Sheet (Judicial Council form CM-010), find the exact case type in Column A that corresponds to the case type indicated in the Civil Case Cover Sheet.

**Step 2:** In Column B, check the box for the type of action that best describes the nature of the case.

**Step 3:** In Column C, circle the number which explains the reason for the court filing location you have chosen.

### Applicable Reasons for Choosing Court Filing Location (Column C)

1. Class actions must be filed in the Stanley Mosk Courthouse, Central District.
2. Permissive filing in central district.
3. Location where cause of action arose.
4. Mandatory personal injury filing in North District.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.

7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office.
11. Mandatory filing location (Hub Cases – unlawful detainer, limited non-collection, limited collection, or personal injury).

| A<br>Civil Case Cover Sheet Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|
| **Auto Tort** Auto (22) | ☐ A7100  Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1, 4, 11 |
| Uninsured Motorist (46) | ☐ A7110  Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1, 4, 11 |
| **Other Personal Injury/ Property Damage/Wrongful Death Tort** Asbestos (04) | ☐ A6070  Asbestos Property Damage | 1, 11 |
| | ☐ A7221  Asbestos - Personal Injury/Wrongful Death | 1, 11 |
| Product Liability (24) | ☐ A7260  Product Liability (not asbestos or toxic/environmental) | 1, 4, 11 |
| Medical Malpractice (45) | ☐ A7210  Medical Malpractice - Physicians & Surgeons | 1, 4, 11 |
| | ☐ A7240  Other Professional Health Care Malpractice | 1, 4, 11 |
| Other Personal Injury Property Damage Wrongful Death (23) | ☐ A7250  Premises Liability (e.g., slip and fall) | 1, 4, 11 |
| | ☐ A7230  Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.) | 1, 4, 11 |
| | ☐ A7270  Intentional Infliction of Emotional Distress | 1, 4, 11 |
| | ☐ A7220  Other Personal Injury/Property Damage/Wrongful Death | 1, 4, 11 |

| SHORT TITLE: ESPINOSA v. GENESIS HEALTHCARE, INC. et al. | CASE NUMBER |
|---|---|

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C Applicable<br>Reasons - See Step 3<br>Above |
|---|---|---|---|
| **Non-Personal Injury/ Property Damage/ Wrongful Death Tort** | Business Tort (07) | ☐ A6029  Other Commercial/Business Tort (not fraud/breach of contract) | 1, 2, 3 |
| | Civil Rights (08) | ☐ A6005  Civil Rights/Discrimination | 1, 2, 3 |
| | Defamation (13) | ☐ A6010  Defamation (slander/libel) | 1, 2, 3 |
| | Fraud (16) | ☐ A6013  Fraud (no contract) | 1, 2, 3 |
| | Professional Negligence (25) | ☐ A6017  Legal Malpractice<br>☐ A6050  Other Professional Malpractice (not medical or legal) | 1, 2, 3<br>1, 2, 3 |
| | Other (35) | ☐ A6025  Other Non-Personal Injury/Property Damage tort | 1, 2, 3 |
| **Employment** | Wrongful Termination (36) | ☐ A6037  Wrongful Termination | 1, 2, 3 |
| | Other Employment (15) | ☑ A6024  Other Employment Complaint Case<br>☐ A6109  Labor Commissioner Appeals | 1, 2, 3<br>10 |
| **Contract** | Breach of Contract/ Warranty (06)<br>(not insurance) | ☐ A6004  Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction)<br>☐ A6008  Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence)<br>☐ A6019  Negligent Breach of Contract/Warranty (no fraud)<br>☐ A6028  Other Breach of Contract/Warranty (not fraud or negligence) | 2, 5<br>2, 5<br>1, 2, 5<br>1, 2, 5 |
| | Collections (09) | ☐ A6002  Collections Case-Seller Plaintiff<br>☐ A6012  Other Promissory Note/Collections Case<br>☐ A6034  Collections Case-Purchased Debt (Charged Off Consumer Debt Purchased on or after January 1, 2014) | 5, 6, 11<br>5, 11<br>5, 6, 11 |
| | Insurance Coverage (18) | ☐ A6015  Insurance Coverage (not complex) | 1, 2, 5, 8 |
| | Other Contract (37) | ☐ A6009  Contractual Fraud<br>☐ A6031  Tortious Interference<br>☐ A6027  Other Contract Dispute(not breach/insurance/fraud/negligence) | 1, 2, 3, 5<br>1, 2, 3, 5<br>1, 2, 3, 8, 9 |
| **Real Property** | Eminent Domain/Inverse Condemnation (14) | ☐ A7300  Eminent Domain/Condemnation          Number of parcels_____ | 2, 6 |
| | Wrongful Eviction (33) | ☐ A6023  Wrongful Eviction Case | 2, 6 |
| | Other Real Property (26) | ☐ A6018  Mortgage Foreclosure<br>☐ A6032  Quiet Title<br>☐ A6060  Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2, 6<br>2, 6<br>2, 6 |
| **Unlawful Detainer** | Unlawful Detainer-Commercial (31) | ☐ A6021  Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer-Residential (32) | ☐ A6020  Unlawful Detainer-Residential (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer-Post-Foreclosure (34) | ☐ A6020F Unlawful Detainer-Post-Foreclosure | 2, 6, 11 |
| | Unlawful Detainer-Drugs (38) | ☐ A6022  Unlawful Detainer-Drugs | 2, 6, 11 |

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

| SHORT TITLE: ESPINOSA v. GENESIS HEALTHCARE, INC. et al. | CASE NUMBER |
|---|---|

| | **A** Civil Case Cover Sheet Category No. | **B** Type of Action (Check only one) | **C** Applicable Reasons - See Step 3 Above |
|---|---|---|---|
| **Judicial Review** | Asset Forfeiture (05) | ☐ A6108  Asset Forfeiture Case | 2, 3, 6 |
| | Petition re Arbitration (11) | ☐ A6115  Petition to Compel/Confirm/Vacate Arbitration | 2, 5 |
| | Writ of Mandate (02) | ☐ A6151  Writ - Administrative Mandamus | 2, 8 |
| | | ☐ A6152  Writ - Mandamus on Limited Court Case Matter | 2 |
| | | ☐ A6153  Writ - Other Limited Court Case Review | 2 |
| | Other Judicial Review (39) | ☐ A6150  Other Writ /Judicial Review | 2, 8 |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | ☐ A6003  Antitrust/Trade Regulation | 1, 2, 8 |
| | Construction Defect (10) | ☐ A6007  Construction Defect | 1, 2, 3 |
| | Claims Involving Mass Tort (40) | ☐ A6006  Claims Involving Mass Tort | 1, 2, 8 |
| | Securities Litigation (28) | ☐ A6035  Securities Litigation Case | 1, 2, 8 |
| | Toxic Tort Environmental (30) | ☐ A6036  Toxic Tort/Environmental | 1, 2, 3, 8 |
| | Insurance Coverage Claims from Complex Case (41) | ☐ A6014  Insurance Coverage/Subrogation (complex case only) | 1, 2, 5, 8 |
| **Enforcement of Judgment** | Enforcement of Judgment (20) | ☐ A6141  Sister State Judgment | 2, 5, 11 |
| | | ☐ A6160  Abstract of Judgment | 2, 6 |
| | | ☐ A6107  Confession of Judgment (non-domestic relations) | 2, 9 |
| | | ☐ A6140  Administrative Agency Award (not unpaid taxes) | 2, 8 |
| | | ☐ A6114  Petition/Certificate for Entry of Judgment on Unpaid Tax | 2, 8 |
| | | ☐ A6112  Other Enforcement of Judgment Case | 2, 8, 9 |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ A6033  Racketeering (RICO) Case | 1, 2, 8 |
| | Other Complaints (Not Specified Above) (42) | ☐ A6030  Declaratory Relief Only | 1, 2, 8 |
| | | ☐ A6040  Injunctive Relief Only (not domestic/harassment) | 2, 8 |
| | | ☐ A6011  Other Commercial Complaint Case (non-tort/non-complex) | 1, 2, 8 |
| | | ☐ A6000  Other Civil Complaint (non-tort/non-complex) | 1, 2, 8 |
| **Miscellaneous Civil Petitions** | Partnership Corporation Governance (21) | ☐ A6113  Partnership and Corporate Governance Case | 2, 8 |
| | Other Petitions (Not Specified Above) (43) | ☐ A6121  Civil Harassment With Damages | 2, 3, 9 |
| | | ☐ A6123  Workplace Harassment With Damages | 2, 3, 9 |
| | | ☐ A6124  Elder/Dependent Adult Abuse Case With Damages | 2, 3, 9 |
| | | ☐ A6190  Election Contest | 2 |
| | | ☐ A6110  Petition for Change of Name/Change of Gender | 2, 7 |
| | | ☐ A6170  Petition for Relief from Late Claim Law | 2, 3, 8 |
| | | ☐ A6100  Other Civil Petition | 2, 9 |

LASC CIV 109 Rev. 12/18
For Mandatory Use

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.3
Page 3 of 4

| SHORT TITLE: ESPINOSA v. GENESIS HEALTHCARE, INC. et al. | CASE NUMBER |
|---|---|

**Step 4: Statement of Reason and Address:** Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected. Enter the address which is the basis for the filing location, including zip code. (No address required for class action cases).

| REASON: | ADDRESS: |
|---|---|
| ☑ 1. ☐ 2. ☐ 3. ☐ 4. ☐ 5. ☐ 6. ☐ 7.  ☐ 8. ☐  9. ☐ 10. ☐ 11. | |

| CITY: | STATE: | ZIP CODE: |
|---|---|---|

**Step 5: Certification of Assignment:** I certify that this case is properly filed in the ___Central___ District of the Superior Court of California, County of Los Angeles [Code Civ. Proc., §392 et seq., and Local Rule 2.3(a)(1)(E)].

Dated: October 24, 2019

(SIGNATURE OF ATTORNEY/FILING PARTY)

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.

2. If filing a Complaint, a completed Summons form for issuance by the Clerk.

3. Civil Case Cover Sheet, Judicial Council form CM-010.

4. Civil Case Cover Sheet Addendum and Statement of Location form, LACIV 109, LASC Approved 03-04 (Rev. 02/16).

5. Payment in full of the filing fee, unless there is court order for waiver, partial or scheduled payments.

6. A signed order appointing the Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court in order to issue a summons.

7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

LASC CIV 109 Rev. 12/18
For Mandatory Use

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.3
Page 4 of 4

| SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF LOS ANGELES | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS:<br>Spring Street Courthouse<br>312 North Spring Street, Los Angeles, CA 90012 | **FILED**<br>Superior Court of California<br>County of Los Angeles<br>**10/28/2019**<br>Sherri R. Carter, Executive Officer / Clerk of Court<br>By: _____ Isaac Lovo _____ Deputy |
| **NOTICE OF CASE ASSIGNMENT**<br>**UNLIMITED CIVIL CASE** | |
| Your case is assigned for all purposes to the judicial officer indicated below. | CASE NUMBER:<br>19STCV38528 |

### THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT

| | ASSIGNED JUDGE | DEPT | ROOM | | | ASSIGNED JUDGE | DEPT | ROOM |
|---|---|---|---|---|---|---|---|---|
| ✔ | Elihu M. Berle | 6 | | | | | | |

Given to the Plaintiff/Cross-Complainant/Attorney of Record

on 10/28/2019
   (Date)

Sherri R. Carter, Executive Officer / Clerk of Court

By Isaac Lovo _____, Deputy Clerk

LACIV 190 (Rev 6/18)
LASC Approved 05/06

### NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE

## INSTRUCTIONS FOR HANDLING UNLIMITED CIVIL CASES

The following critical provisions of the California Rules of Court, Title 3, Division 7, as applicable in the Superior Court, are summarized for your assistance.

### APPLICATION
The Division 7 Rules were effective January 1, 2007. They apply to all general civil cases.

### PRIORITY OVER OTHER RULES
The Division 7 Rules shall have priority over all other Local Rules to the extent the others are inconsistent.

### CHALLENGE TO ASSIGNED JUDGE
A challenge under Code of Civil Procedure Section 170.6 must be made within **15** days after notice of assignment for all purposes to a judge, or if a party has not yet appeared, within 15 days of the first appearance.

### TIME STANDARDS
Cases assigned to the Independent Calendaring Courts will be subject to processing under the following time standards:

### COMPLAINTS
All complaints shall be served within 60 days of filing and proof of service shall be filed within 90 days.

### CROSS-COMPLAINTS
Without leave of court first being obtained, no cross-complaint may be filed by any party after their answer is filed. Cross-complaints shall be served within 30 days of the filing date and a proof of service filed within 60 days of the filing date.

### STATUS CONFERENCE
A status conference will be scheduled by the assigned Independent Calendar Judge no later than 270 days after the filing of the complaint. Counsel must be fully prepared to discuss the following issues: alternative dispute resolution, bifurcation, settlement, trial date, and expert witnesses.

### FINAL STATUS CONFERENCE
The Court will require the parties to attend a final status conference not more than 10 days before the scheduled trial date. All parties shall have motions in limine, bifurcation motions, statements of major evidentiary issues, dispositive motions, requested form jury instructions, special jury instructions, and special jury verdicts timely filed and served prior to the conference. These matters may be heard and resolved at this conference. At least five days before this conference, counsel must also have exchanged lists of exhibits and witnesses, and have submitted to the court a brief statement of the case to be read to the jury panel as required by Chapter Three of the Los Angeles Superior Court Rules.

### SANCTIONS
The court will impose appropriate sanctions for the failure or refusal to comply with Chapter Three Rules, orders made by the Court, and time standards or deadlines established by the Court or by the Chapter Three Rules. Such sanctions may be on a party, or if appropriate, on counsel for a party.

**This is not a complete delineation of the Division 7 or Chapter Three Rules, and adherence only to the above provisions is therefore not a guarantee against the imposition of sanctions under Trial Court Delay Reduction. Careful reading and compliance with the actual Chapter Rules is imperative.**

### Class Actions
Pursuant to Local Rule 2.3, all class actions shall be filed at the Stanley Mosk Courthouse and are randomly assigned to a complex judge at the designated complex courthouse. If the case is found not to be a class action it will be returned to an Independent Calendar Courtroom for all purposes.

### *Provisionally Complex Cases
Cases filed as provisionally complex are initially assigned to the Supervising Judge of complex litigation for determination of complex status. If the case is deemed to be complex within the meaning of California Rules of Court 3.400 et seq., it will be randomly assigned to a complex judge at the designated complex courthouse. If the case is found not to be complex, it will be returned to an Independent Calendar Courtroom for all purposes.

**NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**

# VOLUNTARY EFFICIENT LITIGATION STIPULATIONS



**Superior Court of California
County of Los Angeles**



**Los Angeles County
Bar Association
Litigation Section**

**Los Angeles County
Bar Association Labor and
Employment Law Section**



**Consumer Attorneys
Association of Los Angeles**



**Southern California
Defense Counsel**



**Association of
Business Trial Lawyers**



**California Employment
Lawyers Association**

The Early Organizational Meeting Stipulation, Discovery Resolution Stipulation, and Motions in Limine Stipulation are voluntary stipulations entered into by the parties. The parties may enter into one, two, or all three of the stipulations; however, they may not alter the stipulations as written, because the Court wants to ensure uniformity of application. These stipulations are meant to encourage cooperation between the parties and to assist in resolving issues in a manner that promotes economic case resolution and judicial efficiency.

*The following organizations endorse the goal of promoting efficiency in litigation and ask that counsel consider using these stipulations as a voluntary way to promote communications and procedures among counsel and with the court to fairly resolve issues in their cases.*

**◆Los Angeles County Bar Association Litigation Section◆**

**◆ Los Angeles County Bar Association
Labor and Employment Law Section◆**

**◆Consumer Attorneys Association of Los Angeles◆**

**◆Southern California Defense Counsel◆**

**◆Association of Business Trial Lawyers◆**

**◆California Employment Lawyers Association◆**

LACIV 230 (NEW)
LASC Approved 4-11
For Optional Use

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| | | |

TELEPHONE NO.:         FAX NO. (Optional):
E-MAIL ADDRESS (Optional):
ATTORNEY FOR (Name):

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| **STIPULATION – EARLY ORGANIZATIONAL MEETING** | CASE NUMBER: |
|---|---|

**This stipulation is intended to encourage cooperation among the parties at an early stage in the litigation and to assist the parties in efficient case resolution.**

**The parties agree that:**

1. The parties commit to conduct an initial conference (in-person or via teleconference or via videoconference) within 15 days from the date this stipulation is signed, *to discuss and consider whether there can be agreement on the following*:

   a. Are motions to challenge the pleadings necessary? If the issue can be resolved by amendment as of right, or if the Court would allow leave to amend, could an amended complaint resolve most or all of the issues a demurrer might otherwise raise? If so, the parties agree to work through pleading issues so that a demurrer need only raise issues they cannot resolve. Is the issue that the defendant seeks to raise amenable to resolution on demurrer, or would some other type of motion be preferable? Could a voluntary targeted exchange of documents or information by any party cure an uncertainty in the pleadings?

   b. Initial mutual exchanges of documents at the "core" of the litigation. (For example, in an employment case, the employment records, personnel file and documents relating to the conduct in question could be considered "core." In a personal injury case, an incident or police report, medical records, and repair or maintenance records could be considered "core.");

   c. Exchange of names and contact information of witnesses;

   d. Any insurance agreement that may be available to satisfy part or all of a judgment, or to indemnify or reimburse for payments made to satisfy a judgment;

   e. Exchange of any other information that might be helpful to facilitate understanding, handling, or resolution of the case in a manner that preserves objections or privileges by agreement;

   f. Controlling issues of law that, if resolved early, will promote efficiency and economy in other phases of the case. Also, when and how such issues can be presented to the Court;

   g. Whether or when the case should be scheduled with a settlement officer, what discovery or court ruling on legal issues is reasonably required to make settlement discussions meaningful, and whether the parties wish to use a sitting judge or a private mediator or other options as

**STIPULATION – EARLY ORGANIZATIONAL MEETING**

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

discussed in the "Alternative Dispute Resolution (ADR) Information Package" served with the complaint;

h.  Computation of damages, including documents, not privileged or protected from disclosure, on which such computation is based;

i.  Whether the case is suitable for the Expedited Jury Trial procedures (see information at **www.lacourt.org** under "*Civil*" and then under "*General Information*").

2.  The time for a defending party to respond to a complaint or cross-complaint will be extended to _____ for the complaint, and _____ for the cross-
    (INSERT DATE)                          (INSERT DATE)
complaint, which is comprised of the 30 days to respond under Government Code § 68616(b), and the 30 days permitted by Code of Civil Procedure section 1054(a), good cause having been found by the Civil Supervising Judge due to the case management benefits provided by this Stipulation. A copy of the General Order can be found at *www.lacourt.org* under "*Civil*", click on "*General Information*", then click on "*Voluntary Efficient Litigation Stipulations*".

3.  The parties will prepare a joint report titled "Joint Status Report Pursuant to Initial Conference and Early Organizational Meeting Stipulation, and if desired, a proposed order summarizing results of their meet and confer and advising the Court of any way it may assist the parties' efficient conduct or resolution of the case.  The parties shall attach the Joint Status Report to the Case Management Conference statement, and file the documents when the CMC statement is due.

4.  References to "days" mean calendar days, unless otherwise noted.  If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day

The following parties stipulate:

Date:

_____                    ➢ _____
        (TYPE OR PRINT NAME)                                      (ATTORNEY FOR PLAINTIFF)
Date:

_____                    ➢ _____
        (TYPE OR PRINT NAME)                                      (ATTORNEY FOR DEFENDANT)
Date:

_____                    ➢ _____
        (TYPE OR PRINT NAME)                                      (ATTORNEY FOR DEFENDANT)
Date:

_____                    ➢ _____
        (TYPE OR PRINT NAME)                                      (ATTORNEY FOR DEFENDANT)
Date:

_____                    ➢ _____
        (TYPE OR PRINT NAME)                                      (ATTORNEY FOR _____)
Date:

_____                    ➢ _____
        (TYPE OR PRINT NAME)                                      (ATTORNEY FOR _____)
Date:

_____                    ➢ _____
        (TYPE OR PRINT NAME)                                      (ATTORNEY FOR _____)

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|

TELEPHONE NO.:                          FAX NO. (Optional):
E-MAIL ADDRESS (Optional):
ATTORNEY FOR (Name):

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION – DISCOVERY RESOLUTION | CASE NUMBER: |
|---|---|

**This stipulation is intended to provide a fast and informal resolution of discovery issues through limited paperwork and an informal conference with the Court to aid in the resolution of the issues.**

**The parties agree that:**

1. Prior to the discovery cut-off in this action, no discovery motion shall be filed or heard unless the moving party first makes a written request for an Informal Discovery Conference pursuant to the terms of this stipulation.

2. At the Informal Discovery Conference the Court will consider the dispute presented by parties and determine whether it can be resolved informally. Nothing set forth herein will preclude a party from making a record at the conclusion of an Informal Discovery Conference, either orally or in writing.

3. Following a reasonable and good faith attempt at an informal resolution of each issue to be presented, a party may request an Informal Discovery Conference pursuant to the following procedures:

    a. The party requesting the Informal Discovery Conference will:

        i. File a Request for Informal Discovery Conference with the clerk's office on the approved form (copy attached) and deliver a courtesy, conformed copy to the assigned department;

        ii. Include a brief summary of the dispute and specify the relief requested; and

        iii. Serve the opposing party pursuant to any authorized or agreed method of service that ensures that the opposing party receives the Request for Informal Discovery Conference no later than the next court day following the filing.

    b. Any Answer to a Request for Informal Discovery Conference must:

        i. Also be filed on the approved form (copy attached);

        ii. Include a brief summary of why the requested relief should be denied;

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

    iii.    Be filed within two (2) court days of receipt of the Request; and

    iv.    Be served on the opposing party pursuant to any authorized or agreed upon method of service that ensures that the opposing party receives the Answer no later than the next court day following the filing.

  c.  No other pleadings, including but not limited to exhibits, declarations, or attachments, will be accepted.

  d.  If the Court has not granted or denied the Request for Informal Discovery Conference within ten (10) days following the filing of the Request, then it shall be deemed to have been denied.  If the Court acts on the Request, the parties will be notified whether the Request for Informal Discovery Conference has been granted or denied and, if granted, the date and time of the Informal Discovery Conference, which must be within twenty (20) days of the filing of the Request for Informal Discovery Conference.

  e.  If the conference is not held within twenty (20) days of the filing of the Request for Informal Discovery Conference, unless extended by agreement of the parties and the Court, then the Request for the Informal Discovery Conference shall be deemed to have been denied at that time.

4.  If (a) the Court has denied a conference or (b) one of the time deadlines above has expired without the Court having acted or (c) the Informal Discovery Conference is concluded without resolving the dispute, then a party may file a discovery motion to address unresolved issues.

5.  The parties hereby further agree that the time for making a motion to compel or other discovery motion is tolled from the date of filing of the Request for Informal Discovery Conference until (a) the request is denied or deemed denied or (b) twenty (20) days after the filing of the Request for Informal Discovery Conference, whichever is earlier, unless extended by Order of the Court.

It is the understanding and intent of the parties that this stipulation shall, for each discovery dispute to which it applies, constitute a writing memorializing a "specific later date to which the propounding [or demanding or requesting] party and the responding party have agreed in writing," within the meaning of Code Civil Procedure sections 2030.300(c), 2031.320(c), and 2033.290(c).

6.  Nothing herein will preclude any party from applying *ex parte* for appropriate relief, including an order shortening time for a motion to be heard concerning discovery.

7.  Any party may terminate this stipulation by giving twenty-one (21) days notice of intent to terminate the stipulation.

8.  References to "days" mean calendar days, unless otherwise noted.  If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day.

| SHORT TITLE: | CASE NUMBER: |
|---|---|
|  |  |

## The following parties stipulate:

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

➢   _____
(ATTORNEY FOR PLAINTIFF)

➢   _____
(ATTORNEY FOR DEFENDANT)

➢   _____
(ATTORNEY FOR DEFENDANT)

➢   _____
(ATTORNEY FOR DEFENDANT)

➢   _____
(ATTORNEY FOR _____)

➢   _____
(ATTORNEY FOR _____)

➢   _____
(ATTORNEY FOR _____)

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| | | |

TELEPHONE NO.:                    FAX NO. (Optional):
E-MAIL ADDRESS (Optional):
ATTORNEY FOR (Name):

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| **INFORMAL DISCOVERY CONFERENCE**<br>(pursuant to the Discovery Resolution Stipulation of the parties) | CASE NUMBER: |
|---|---|

1. This document relates to:

   ☐ Request for Informal Discovery Conference
   ☐ Answer to Request for Informal Discovery Conference

2. Deadline for Court to decide on Request: _____ (insert date 10 calendar days following filing of the Request).

3. Deadline for Court to hold Informal Discovery Conference: _____ (insert date 20 calendar days following filing of the Request).

4. **For a Request for Informal Discovery Conference, <u>briefly</u> describe the nature of the discovery dispute, including the facts and legal arguments at issue.  For an Answer to Request for Informal Discovery Conference, <u>briefly</u> describe why the Court should deny the requested discovery, including the facts and legal arguments at issue.**

**INFORMAL DISCOVERY CONFERENCE**
(pursuant to the Discovery Resolution Stipulation of the parties)

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:        FAX NO. (Optional): <br> E-MAIL ADDRESS (Optional): <br> ATTORNEY FOR (Name): | | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION AND ORDER – MOTIONS IN LIMINE | CASE NUMBER: |
|---|---|

**This stipulation is intended to provide fast and informal resolution of evidentiary issues through diligent efforts to define and discuss such issues and limit paperwork.**

**The parties agree that:**

1. At least _____ days before the final status conference, each party will provide all other parties with a list containing a one paragraph explanation of each proposed motion in limine. Each one paragraph explanation must identify the substance of a single proposed motion in limine and the grounds for the proposed motion.

2. The parties thereafter will meet and confer, either in person or via teleconference or videoconference, concerning all proposed motions in limine. In that meet and confer, the parties will determine:

   a. Whether the parties can stipulate to any of the proposed motions. If the parties so stipulate, they may file a stipulation and proposed order with the Court.

   b. Whether any of the proposed motions can be briefed and submitted by means of a short joint statement of issues. For each motion which can be addressed by a short joint statement of issues, a short joint statement of issues must be filed with the Court 10 days prior to the final status conference. Each side's portion of the short joint statement of issues may not exceed three pages. The parties will meet and confer to agree on a date and manner for exchanging the parties' respective portions of the short joint statement of issues and the process for filing the short joint statement of issues.

3. All proposed motions in limine that are not either the subject of a stipulation or briefed via a short joint statement of issues will be briefed and filed in accordance with the California Rules of Court and the Los Angeles Superior Court Rules.

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

## The following parties stipulate:

Date: _____

> _____
> (ATTORNEY FOR PLAINTIFF)

_____
(TYPE OR PRINT NAME)

Date: _____

> _____
> (ATTORNEY FOR DEFENDANT)

_____
(TYPE OR PRINT NAME)

Date: _____

> _____
> (ATTORNEY FOR DEFENDANT)

_____
(TYPE OR PRINT NAME)

Date: _____

> _____
> (ATTORNEY FOR DEFENDANT)

_____
(TYPE OR PRINT NAME)

Date: _____

> _____
> (ATTORNEY FOR _____)

_____
(TYPE OR PRINT NAME)

Date: _____

> _____
> (ATTORNEY FOR _____)

_____
(TYPE OR PRINT NAME)

Date: _____

> _____
> (ATTORNEY FOR _____)

_____
(TYPE OR PRINT NAME)

## THE COURT SO ORDERS.

Date: _____

_____
JUDICIAL OFFICER



# Superior Court of California, County of Los Angeles

## ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION PACKAGE

**THE PLAINTIFF MUST SERVE THIS ADR INFORMATION PACKAGE ON EACH PARTY WITH THE COMPLAINT.**

**CROSS-COMPLAINANTS** must serve this ADR Information Package on any new parties named to the action with the cross-complaint.

### What is ADR?

ADR helps people find solutions to their legal disputes without going to trial. The main types of ADR are negotiation, mediation, arbitration and settlement conferences. When ADR is done by phone or computer, it may be called Online Dispute Resolution (ODR). These "alternatives" to litigation and trial are described below.

### Advantages of ADR

- **Saves Time:** ADR is faster than going to trial.
- **Saves Money:** Parties can save on court costs, attorney's fees and witness fees.
- **Keeps Control** with the parties: Parties choose their ADR process and provider for voluntary ADR.
- **Reduces stress/protects privacy:** ADR is done outside the courtroom, in private offices, by phone or online.

### Disadvantages of ADR

- **Costs:** If the parties do not resolve their dispute, they may have to pay for ADR and litigation and trial.
- **No Public Trial:** ADR does not provide a public trial or a decision by a judge or jury.

### Main Types of ADR:

1. **Negotiation:** Parties often talk with each other in person, or by phone or online about resolving their case with a settlement agreement instead of a trial. If the parties have lawyers, they will negotiate for their clients.

2. **Mediation:** In mediation, a neutral "mediator" listens to each person's concerns, helps them evaluate the strengths and weaknesses of their case, and works with them to try to create a settlement agreement that is acceptable to all. Mediators do not decide the outcome. Parties may go to trial if they decide not to settle.

   **Mediation may be appropriate when the parties**
   - want to work out a solution but need help from a neutral person.
   - have communication problems or strong emotions that interfere with resolution.

   **Mediation may not be appropriate when the parties**
   - want a public trial and want a judge or jury to decide the outcome.
   - lack equal bargaining power or have a history of physical/emotional abuse.

**How to arrange mediation in Los Angeles County**

Mediation for civil cases is voluntary and parties may select any mediator they wish. Options include:

a. **The Civil Mediation Vendor Resource List**

Parties may contact these organizations to request a "Resource List Mediation" for reduced-cost or free (for selected cases) mediation in person or with ODR (by phone or online).

- JAMS, Inc.: **Case Manager (213) 253-9776** mdawson@jamsadr.com
- Mediation Center of Los Angeles: **Case Manager: (833) 476-9145** info@mediationLA.org

**These organizations cannot accept every case and they may decline cases at their discretion.**

Visit www.lacourt.org/ADR.Res.List for important information and FAQs before contacting them.

NOTE: This service is not available for family law, probate or small claims.

b. **Los Angeles County Dispute Resolution Programs**

https://wdacs.lacounty.gov/programs/drp/

- Free, day- of- trial mediations at the courthouse for small claims, unlawful detainers (evictions) and, at the Stanley Mosk Courthouse, limited civil. No appointment needed.
- Free or low-cost mediations before the day of trial for these and other case types.
- For ODR by phone or computer for small claims or unlawful detainer (eviction) cases before the day of trial, visit
  http://www.lacourt.org/division/smallclaims/pdf/OnlineDisputeResolutionFlyer-EngSpan.pdf

c. **Mediators and ADR and Bar organizations** that provide mediation may be found on the internet.

---

3. **Arbitration**: Arbitration is less formal than trial, but like trial, the parties present evidence and arguments to the person who decides the outcome. In "binding" arbitration, the arbitrator's decision is final; there is no right to trial. In "nonbinding" arbitration, any party can request a trial after the arbitrator's decision. For more information about arbitration, visit **http://www.courts.ca.gov/programs-adr.htm**

4. **Mandatory Settlement Conferences (MSC)**:  MSCs are ordered by the Court and are often held close to the trial date. The parties and their attorneys meet with a judge or settlement officer who does not make a decision but assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement. For information about the Court's MSC programs for civil cases, visit: **www.lacourt.org/division/civil/settlement**

**Los Angeles Superior Court ADR website:  www.lacourt.org/division/civil/settlement**
**For general information and videos about ADR, visit http://www.courts.ca.gov/programs-adr.htm**

# EXHIBIT C

1  CURTIS A. GRAHAM, Bar No. 215745
   IAN T. MAHER, Bar No. 280746
2  LITTLER MENDELSON, P.C.
   633 West 5th Street
3  63rd Floor
   Los Angeles, CA  90071
4  Telephone:  213.443.4300
   Fax No.:  213.443.4299
5
   Attorneys for Defendants
6  GENESIS HEALTHCARE, INC., GENESIS
   HEALTHCARE LLC, GHC PAYROLL, LLC, and
7  ANAHEIM TERRACE CARE CENTER, LLC

8

9              SUPERIOR COURT OF THE STATE OF CALIFORNIA

10           COUNTY OF LOS ANGELES – SPRING STREET COURTHOUSE

11  CHRISTINE ESPINOSA, individually, and     Case No.  19STCV38528
    on behalf of other members of the general
12  public similarly situated and other        ASSIGNED FOR ALL PURPOSES TO HON.
    aggrieved employees,                       ANN I. JONES, DEPT. 11
13
                 Plaintiff,                     ANSWER OF DEFENDANTS GENESIS
14                                              HEALTHCARE, INC., GENESIS
         vs.                                    HEALTHCARE LLC, GHC PAYROLL,
15                                              LLC, AND ANAHEIM TERRACE CARE
    GENESIS HEALTHCARE, INC., a               CENTER, LLC TO PLAINTIFF'S
16  Delaware corporation; GENESIS              UNVERIFIED COMPLAINT
    HEALTHCARE, LLC, a Delaware limited
17  liability company; GHC PAYROLL, LLC,
    a Delaware limited liability company;
18  ANAHEIM TERRACE CARE CENTER,
    LLC, a Delaware limited liability
19  company; and DOES 1 through 100,
    inclusive,                                 Complaint Filed:  October 28, 2019
20                                              Trial Date:        TBD
                 Defendants.
21

22

23

24

25

26

27

28

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

1.

DEFENDANTS' ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT

1     Defendants Genesis Healthcare, Inc., Genesis Healthcare LLC, GHC Payroll, LLC

2   (collectively, the "Genesis Defendants"), and Anaheim Terrace Care Center, LLC ("Anaheim

3   Terrace") (collectively, with the Genesis Defendants, "Defendants") hereby answer the unverified

4   complaint ("Complaint") of Plaintiff Christine Espinosa ("Plaintiff") as follows:

5                                   **GENERAL DENIAL**

6     Pursuant to section 431.30(d) of the California Code of Civil Procedure, Defendants deny,

7   generally and specifically, each and every allegation contained in Plaintiff's Complaint. Defendants

8   further deny, generally and specifically, that Plaintiff and/or the putative class members and/or alleged

9   aggrieved employees are entitled to the relief requested, or that Plaintiff and/or the putative class

10  members and/or alleged aggrieved employees have been or will be damaged in any sum, or at all, by

11  reason of any act or omission on the part of Defendants or on the part of Defendants' agents,

12  representatives or employees.

13                                **AFFIRMATIVE DEFENSES**

14    Defendants assert the following affirmative and other defenses, which they have designated,

15  collectively, as "Affirmative Defenses."  In asserting these defenses, Defendants do not admit any of

16  the allegations of the Complaint and do not assume the burden of proof as to any matter that, as a

17  matter of law, is Plaintiff's burden to prove. Defendants intend to rely upon any additional defenses

18  that become available or apparent during pretrial proceedings and discovery in this action and hereby

19  reserve the right to amend this Answer to assert all such further defenses.  Defendants also expressly

20  deny the existence of any alleged aggrieved employees that Plaintiff purports to represent in this

21  lawsuit.  Defendants thus expressly deny the existence of any such group each and every time it

22  references "Plaintiff" as if fully set forth therein. All defenses asserted are also asserted against any

23  alleged aggrieved employees and putative class members, except where the claim is asserted only on

24  behalf of the named Plaintiff.

25                               **FIRST AFFIRMATIVE DEFENSE**

26                                 **(Failure to State a Claim)**

27    1.     As a separate and distinct affirmative defense, Defendants assert that the Complaint,

28  and each and every alleged cause of action therein, fails to state facts sufficient to constitute a cause

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA  90071
213 443.4300

2.

DEFENDANTS' ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT

1   of action upon which relief can be granted.

2   **SECOND AFFIRMATIVE DEFENSE**

3   **(Laches)**

4   2.      As a separate and distinct affirmative defense, Defendants allege that the Complaint

5   and each cause of action set forth therein, or some of them, are barred by the equitable doctrine of

6   laches.

7   **THIRD AFFIRMATIVE DEFENSE**

8   **(Waiver)**

9   3.      As a separate and distinct affirmative defense, Defendants allege that the Complaint

10  and each cause of action set forth therein, or some of them, are barred by the equitable doctrine of

11  waiver.

12  **FOURTH AFFIRMATIVE DEFENSE**

13  **(Unclean Hands)**

14  4.      As a separate and distinct affirmative defense, Defendants allege that the Complaint

15  and each cause of action set forth therein, or some of them, are barred by the equitable doctrine of

16  unclean hands.

17  **FIFTH AFFIRMATIVE DEFENSE**

18  **(Consent)**

19  5.      As a separate and distinct affirmative defense, Defendants allege that the Complaint

20  and each cause of action set forth therein, or some of them, are barred by the equitable doctrine of

21  consent.

22  **SIXTH AFFIRMATIVE DEFENSE**

23  **(Unjust Enrichment)**

24  6.      As a separate and distinct affirmative defense, Defendants allege that the Complaint

25  and each cause of action set forth therein, or some of them, are barred by the equitable doctrine of

26  unjust enrichment.

27

28

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

3.

DEFENDANTS' ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT

## SEVENTH AFFIRMATIVE DEFENSE

### (Estoppel)

7.      As a separate and distinct affirmative defense, Defendants allege that the Complaint and each cause of action set forth therein, or some of them, are barred by the equitable doctrine of estoppel and/or judicial estoppel.

## EIGHTH AFFIRMATIVE DEFENSE

### (Prior or Pending Litigation)

8.      As a separate and distinct affirmative defense, Defendants allege that the Complaint and each cause of action set forth therein are barred by the doctrines of collateral estoppel and/or res judicata to the extent that the issues raised by the Complaint have been litigated prior to adjudication of those issues in the instant action.

## NINTH AFFIRMATIVE DEFENSE

### (Release)

9.      As a separate and distinct affirmative defense, Defendants allege that the Complaint and the causes of action set forth therein are barred to the extent that Plaintiff and/or any putative class members have released Defendants from any liability as alleged in the Complaint prior to the adjudication of those claims in the instant action.

## TENTH AFFIRMATIVE DEFENSE

### (Accord and Satisfaction)

10.      As a separate and distinct affirmative defense, Defendants allege that Plaintiff's claims fail because Plaintiff and/or the putative class members have been fully paid all amounts legally owed by Defendants and are barred by the doctrine of accord and satisfaction.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Statute of Limitations)

11.      As a separate and distinct affirmative defense, Defendants allege that the Complaint and each cause of action set forth therein, or some of them, are barred by the applicable statutes of limitations, including, but not limited to, those set forth in California Labor Code section 203(b) and California Code of Civil Procedure sections 337, 338(a), 339, 340(a) and (b) and/or 343, and California

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA  90071
213.443.4300

4.

1    Business and Professions Code section 17208.

## TWELFTH AFFIRMATIVE DEFENSE

### (Good Faith)

12.    As a separate and distinct affirmative defense, Defendants allege that the Complaint and each cause of action set forth therein cannot be maintained because, without admitting that any violation took place, any violation of the Labor Code or Order of the Industrial Welfare Commission was not knowingly, willfully or intentionally done and/or was an act or omission made in good faith, because there exists a good faith dispute as to whether further compensation is due and/or Anaheim Terrace had reasonable grounds for believing that its wage payment practices complied with applicable laws and that any act or omission was not a violation of the Labor Code or any Order of the Industrial Welfare Commission, such that Plaintiff and/or the putative class members are not entitled to any damages in excess of any wages and are not entitled to any liquidated damages.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Plaintiff's Breach of Duties)

13.    As a separate and distinct affirmative defense, Defendants allege that the claims of Plaintiff are barred by her own breach of the duties owed to Anaheim Terrace pursuant to the California Labor Code, including but not limited to California Labor Code §§ 2853, 2854, 2856, 2857 and/or 2859 and/or the refusal or failure by Plaintiff to meet Anaheim Terrace's reasonable expectations and the job performance requirements.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Injury Resulted From Act or Omission of Plaintiff)

14.    As a separate and distinct affirmative defense, Defendants allege that each purported cause of action contained in the Complaint, or some of the causes of action, are barred because the alleged losses or harms sustained by Plaintiff, if any, resulted from the acts or omissions of Plaintiff, and/or was proximately caused by the actions or inactions of Plaintiff.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Irregular and Brief)

15.    As a separate and distinct affirmative defense, Defendants allege that Plaintiff's claims

5.

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213 443 4300

DEFENDANTS' ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT

1   are barred, or damages and/or penalties must be reduced, for some or all of the putative class members

2   because they concern claims involving employee activities that are so irregular and brief that it would

3   not be reasonable to require an employer to compensate the employee for the time spent on it.

### SIXTEENTH AFFIRMATIVE DEFENSE

#### (Arbitration Agreement)

6      16.    As a separate and distinct affirmative defense, Defendants allege the first seven causes

7   of action alleged in Plaintiff's Complaint may be subject to binding arbitration with a valid class action

8   waiver and therefore, this Court lacks jurisdiction over those alleged claims and the class allegations

9   should be dismissed and the individual claims compelled to arbitration pursuant to the Federal

10   Arbitration Act and California Code of Civil Procedure section 1281.4.

### SEVENTEENTH AFFIRMATIVE DEFENSE

#### (Avoidable Consequences)

13      17.    As a separate and distinct affirmative defense, Defendants allege that the Complaint,

14   and each alleged cause of action therein, or some of them, are barred, or any recovery should be

15   reduced, pursuant to the avoidable consequences doctrine because Anaheim Terrace took reasonable

16   steps to prevent and correct any of the alleged harm.  Plaintiff and/or the putative class members

17   unreasonably failed to use the preventative and corrective opportunities provided to them by Anaheim

18   Terrace, and reasonable use of Anaheim Terrace's procedures would have prevented at least some, if

19   not all, of the harm that Plaintiff and/or the putative class members allegedly suffered.

### EIGHTEENTH AFFIRMATIVE DEFENSE

#### (Secreted or Absented)

22      18.    As a separate and distinct affirmative defense, Defendants allege that the claims of

23   Plaintiff for alleged failure to pay wages fail, in whole or in part, to the extent that Anaheim Terrace

24   did not reasonably know hours were worked by Plaintiff and/or the putative class members, to the

25   extent Plaintiff and/or the putative class members deliberately prevented Anaheim Terrace from

26   acquiring knowledge of the hours worked, and/or to the extent Plaintiff and/or the putative class

27   members secreted or absented themselves to avoid payment of wages.

28

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213 443 4300

6.

DEFENDANTS' ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT

## NINETEENTH AFFIRMATIVE DEFENSE

### (Credit and Offset)

19.     As a separate and distinct affirmative defense, Defendants allege that they are entitled to an offset against any relief due Plaintiff based upon her wrongful conduct and/or monies owed by her, including, but not limited to, any overpayments for hours worked.

## TWENTIETH AFFIRMATIVE DEFENSE

### (Substantial Compliance)

20.     As a separate and distinct affirmative defense, Defendants allege that even assuming, *arguendo*, that Anaheim Terrace failed to comply with any provision of the Labor Code, including Labor Code sections 226, 226.7, and 512, Anaheim Terrace substantially complied with the Labor Code and/or any applicable Wage Orders and Regulations, thus rendering an award of civil penalties inappropriate under the circumstances.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

### (Labor Code § 226 - No Injury and No Knowing and Intentional Failure)

21.     As a separate and distinct affirmative defense, Defendants allege that, assuming *arguendo*, Plaintiff and/or the putative class members were not provided with a proper itemized statement of wages, Plaintiff and/or the putative class members are not entitled to recover damages because Plaintiff and/or the putative class members were not "injured" thereby and because Anaheim Terrace's alleged failure to comply with California Labor Code § 226(a) was not a "knowing and intentional failure" under California Labor Code § 226(e).

## TWENTY-SECOND AFFIRMATIVE DEFENSE

### (*Bona Fide* Dispute)

22.     As a separate and distinct affirmative defense, Defendants allege that Plaintiff's claims for penalties are barred in whole or in part, because a good faith, *bona fide* dispute exists over whether wages are owed to Plaintiff and/or the putative class members.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

### (Labor Code § 203 - Not Willful)

23.     As a separate and distinct affirmative defense, Defendants allege that any claim for

7.

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

DEFENDANTS' ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT

penalties pursuant to Labor Code § 203 is barred, in whole or in part, because any failure to pay waiting time penalties was not knowing, intentional or willful.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

#### (Labor Code § 203 – No Penalties after Filing of Complaint)

24.     As a separate and distinct affirmative defense, Defendants allege that Plaintiff is barred from seeking any civil penalties pursuant to Labor Code § 203 for any violation occurring after the filing of the Complaint.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

#### (Labor Code § 203 – Good Faith Dispute)

25.     As a separate and distinct affirmative defense, Defendants allege that any claim for penalties pursuant to Labor Code § 203 is barred, in whole or in part, because there is a good faith dispute as to whether said wages were owed, which, in the absence of bad faith, precludes a waiting time penalty award.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

#### (Class Certification Inappropriate)

26.     As a separate and distinct affirmative defense, Defendants allege that the Complaint and each purported cause of action alleged therein is barred, because class certification is inappropriate as required by law, including but not limited to the requirement that the representative be typical of the putative class, and that a putative class be numerous, include common questions of law and fact that predominate over individual issues, and be superior to alternative means of resolution.

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

#### (Claims Barred Where Violations Have Discontinued)

27.     As a separate and distinct affirmative defense, Defendants allege that Plaintiff's claims for recovery in the form of restitution, disgorgement, or injunctive relief under California Business and Professions Code section 17200, *et seq.*, are barred with respect to any alleged violations that have been discontinued, ceased, or are not likely to recur.

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA  90071
213.443.4300

8.

DEFENDANTS' ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT

**TWENTY-EIGHTH AFFIRMATIVE DEFENSE**

**(Due Process)**

28.     As a separate and distinct affirmative defense, Defendants allege that: (1) certification of a class, and the adjudication of the claims of the putative and/or representative class through generalized class-wide proof, as applied to the facts and circumstances of this case, would constitute a denial of Defendants' rights to trial by jury and to substantive and procedural due process; (2) the Complaint and/or causes of action therein are barred because the applicable wage orders of the Industrial Welfare Commission are unconstitutionally vague and ambiguous and violate Defendants' rights under the United States Constitution and the California Constitution as to, among other things, due process of law; (3) to the extent Plaintiff seeks penalties, such claims must comport with the due process requirements of *State Farm Mutual Automobile Insurance Co. v. Campbell*, 538 U.S. 408 (2003) and *Simon v. San Paolo U.S. Holding Co., Inc.*, 35 Cal. 4th 1159 (2005); and (4) prosecution of this action under California Business and Professions Code sections 17200, *et seq.*, as applied to the facts and circumstances of this case, would constitute a denial of due process rights.

**TWENTY-NINTH AFFIRMATIVE DEFENSE**

**(Multiple Penalties Unconstitutional)**

29.     As a separate and distinct affirmative defense, Defendants allege that the Complaint, and each cause of action set forth therein, or some of them, are barred because, as applied in this putative class action, an award of civil penalties would result in the imposition of excessive, replicating fines or penalties in violation of the Eighth Amendment to the United States Constitution and Article I, Section 7 of the California Constitution and Defendants' fundamental constitutional rights to due process under the Fourteenth Amendment of the United States Constitution and the Constitution and laws of the State of California.  *See, e.g.*, *Timbs v. Indiana*, 139 S. Ct. 682 (2019); *State Farm Mutual Automobile Insurance Co. v. Campbell*, 538 U.S. 408 (2003); *People ex rel. Lockyer v. R.J. Reynolds Tobacco Co.*, 37 Cal. 4th 707 (2005).

**THIRTIETH AFFIRMATIVE DEFENSE**

**(Class Action – Adequacy and Standing)**

30.     As a separate and distinct affirmative defense, Defendants allege that the Complaint

9.

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA  90071
213 443 4300

DEFENDANTS' ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT

and each cause of action set forth therein, or some of them, are barred because Plaintiff is not an adequate and proper representative of the putative class she purports to represent, and she lacks standing to pursue claims against Defendants.

## THIRTY-FIRST AFFIRMATIVE DEFENSE

### (No Uniform Practice Causing Plaintiff's Harm)

31.     As a separate and distinct affirmative defense, Defendants allege that Plaintiff's alleged injuries, and the alleged injuries of the individual putative class members, or some of them, were not proximately caused by any unlawful policy, custom, practice and/or procedure promulgated and/or tolerated by Anaheim Terrace.

## THIRTY-SECOND AFFIRMATIVE DEFENSE

### (No Knowledge of Work)

32.     As a separate and distinct affirmative defense, Defendants allege that if Plaintiff "worked" hours for which compensation was not paid, Anaheim Terrace had no knowledge, or reason to know, of such "work" and such "work" was undertaken without the consent or permission of Anaheim Terrace.  Because there was no knowledge of such "work," Plaintiff cannot claim to have been "suffered and permitted" to work as is required for time to be considered "hours worked."

## THIRTY-THIRD AFFIRMATIVE DEFENSE

### (Failure to Take Breaks Provided Under the Law)

33.     As a separate and distinct affirmative defense, Defendants allege that Plaintiff has no right to a premium pay under California Labor Code section 226.7 because, to the extent, if any, that Plaintiff did not take breaks, it was because she: (1) failed to take breaks that were provided to her in compliance with California law; and/or (2) chose not to take breaks that were authorized and permitted.

## THIRTY-FOURTH AFFIRMATIVE DEFENSE

### (Adequate Remedy at Law)

34.     As a separate and distinct affirmative defense, Defendants allege that Plaintiff is not entitled to equitable relief insofar as she has an adequate remedy at law.

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

10.

DEFENDANTS' ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT

### THIRTY-FIFTH AFFIRMATIVE DEFENSE

#### (Actions by Agents outside the Scope of Authority)

35.     As a separate and distinct affirmative defense, Defendants allege that claims in the Complaint cannot be maintained against Defendants because if employees of Anaheim Terrace (including Plaintiff) took the actions alleged, such actions were committed outside the course and scope of such employees' employment, were not authorized, adopted or ratified by Anaheim Terrace and Defendants did not know of nor should it have known of such conduct.

### THIRTY-SIXTH AFFIRMATIVE DEFENSE

#### (Labor Code §§ 512 and 226.7 Violate Equal Protection)

36.     As a separate and distinct affirmative defense, Defendants assert that the Complaint, and each and every alleged cause of action therein, or some of them, are barred because Labor Code sections 512 and 226.7 violate the Equal Protection Clause of the United States and California Constitution because they arbitrarily and unjustly exempt certain employers and employees to the exclusion of others without a rational basis for such unequal application of the law.

### THIRTY-SEVENTH AFFIRMATIVE DEFENSE

#### (No Employment Relationship)

37.     As a separate and distinct affirmative defense, the Genesis Defendants allege that the Complaint and each cause of action set forth therein, or some of them, are barred in whole or in part because the Genesis Defendants did not employ or jointly employ Plaintiff.

### THIRTY-EIGHTH AFFIRMATIVE DEFENSE

#### (PAGA - Failure to Exhaust Administrative Remedies)

38.     As a separate and distinct affirmative defense, Defendants allege that Plaintiff's claim for civil penalties is barred, in whole or in part, to the extent Plaintiff failed to timely and properly exhaust the notice and other administrative requirements set out in the California Private Attorneys General Act, Labor Code § 2698, *et seq.* ("PAGA").

### THIRTY-NINTH AFFIRMATIVE DEFENSE

#### (PAGA - Claims Exceed Scope of Administrative Charge)

39.     As a separate and distinct affirmative defense, Defendants allege that Plaintiff's PAGA

11.

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213 443 4300

1  claim is barred, in whole or in part, to the extent that the claim exceeds the scope of any potential

2  charges filed with the Labor & Workforce Development Agency.

### FORTIETH AFFIRMATIVE DEFENSE

### (PAGA - Double Recovery)

40.      As a separate and distinct affirmative defense, Defendants allege that Plaintiff and the alleged "aggrieved employees" Plaintiff seeks to represent are not entitled to recover civil penalties under PAGA, to the extent that such penalties are sought in addition to other civil penalties for the same claims, as such double recovery is prohibited and would constitute unjust enrichment.

### FORTY-FIRST AFFIRMATIVE DEFENSE

### (PAGA - Due Process)

41.      As a separate and distinct affirmative defense, Defendants allege that any claims based on PAGA are barred, in whole or in part, because, to the extent Plaintiff seeks to adjudicate the claims of other current or former employees of Anaheim Terrace under PAGA without first establishing that the claims or defenses of Plaintiff are typical of the claims or defenses of the putative class members or alleged "aggrieved employees" whom Plaintiff seeks to represent, or without first establishing there are common questions of law and fact as to all putative class members or alleged "aggrieved employees" whom Plaintiff seeks to represent, the claims violate Defendants' due process rights.

### FORTY-SECOND AFFIRMATIVE DEFENSE

### (PAGA - Lack of Manageability)

42.      As a separate and distinct affirmative defense, Defendants allege that the Complaint, and each and every cause of action alleged therein, or some of them, cannot proceed as a PAGA action because of difficulties likely to be encountered that render the action unmanageable because (1) such a determination requires complex factual issues, (2) penalties could not be calculated on a representative basis, (3) the penalties would not be identical for all aggrieved employees, and (4) trying such a representative action would be unmanageable.

### FORTY-THIRD AFFIRMATIVE DEFENSE

### (PAGA - Standing)

43.      As a separate and distinct affirmative defense, Defendants allege that Plaintiff lacks

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

DEFENDANTS' ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT

1    standing to bring claims for civil penalties on behalf of herself or any other purported aggrieved

2    employees pursuant to the PAGA because she has failed to identify other aggrieved employees.

3    ### FORTY-FOURTH AFFIRMATIVE DEFENSE

4    **(PAGA - Arbitrary and Capricious Fines)**

5    44.    As a separate and distinct affirmative defense, Defendants allege that the claims for

6    civil penalties of Plaintiff and/or allegedly aggrieved employees Plaintiff purports to represent under

7    PAGA would result in an award that is unjust, arbitrary and oppressive, or confiscatory within the

8    meaning of California Labor Code section 2699(e)(2), and the Court should exercise its discretionary

9    powers to reduce the maximum civil penalties available, if any such penalties are awarded.

10   ### FORTY-FIFTH AFFIRMATIVE DEFENSE

11   **(PAGA - Claims Unconstitutionally Vague and Ambiguous)**

12   45.    As a separate and distinct affirmative defense, Defendants allege that the Complaint,

13   and each cause of action set forth therein, or some of them, is barred because the applicable Wage

14   Orders of the Industrial Welfare Commission and California Labor Code Section 2698, *et seq.*, are

15   unconstitutionally vague and ambiguous and violate Defendants' rights under the United States

16   Constitution and the California Constitution as to, among other things, due process of law

17   ### FORTY-SIXTH AFFIRMATIVE DEFENSE

18   **(Failure to Mitigate)**

19   46.    As a separate and distinct affirmative defense, Defendants allege that the claims of

20   Plaintiff and/or the putative class members are barred and/or their right to recovery is reduced by their

21   failure to mitigate the alleged harms and any damages or civil penalties pertaining to the alleged harms.

22   ### FORTY-SEVENTH AFFIRMATIVE DEFENSE

23   **(PAGA - Unconstitutionally Violative of Separation of Powers)**

24   47.    As a separate and distinct affirmative defense, Defendants allege that Plaintiff's claim

25   for penalties based upon the PAGA is unconstitutional on the basis that it violates the separation of

26   powers doctrine by empowering private attorneys to prosecute public claims, thereby impairing the

27   judiciary's inherent power to regulate attorney conduct.

28

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA  90071
213 443 4300

13.

DEFENDANTS' ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT

## ADDITIONAL AFFIRMATIVE DEFENSES

Defendants presently have insufficient knowledge or information upon which to form a belief as to whether additional, as yet unstated, defenses may be warranted and reserve the right to seek leave of court to assert additional defenses or affirmative defenses in the event discovery indicates such defenses are appropriate.

## PRAYER

WHEREFORE, Defendants pray that:

1. Plaintiff's Complaint be dismissed in its entirety with prejudice;

2. Plaintiff takes nothing by this action;

3. Judgment be entered in Defendants' favor and against Plaintiff

4. Defendants be awarded their costs and attorneys' fees incurred herein, in accordance with applicable law; and

5. Defendants be awarded such other and further relief as the Court deems just and proper.

Dated:        January 22, 2020

CURTIS A. GRAHAM
IAN T. MAHER
LITTLER MENDELSON, P.C.
Attorneys for Defendants
GENESIS HEALTHCARE, INC., GENESIS
HEALTHCARE LLC, GHC PAYROLL, LLC,
and ANAHEIM TERRACE CARE CENTER,
LLC

4826-1974-6733.1 050738.1307

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

14.

DEFENDANTS' ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT

## <u>PROOF OF SERVICE</u>

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is 633 West 5th Street, 63rd Floor, Los Angeles, California 90071. On January 22, 2020, I served the within document(s):

**ANSWER OF DEFENDANTS GENESIS HEALTHCARE, INC., GENESIS HEALTHCARE LLC, GHC PAYROLL, LLC, AND ANAHEIM TERRACE CARE CENTER, LLC TO PLAINTIFF'S UNVERIFIED COMPLAINT**

☐   **By personal service.** I personally delivered the documents to the persons at the addresses listed below. (1) For a party represented by an attorney, delivery was made to the attorney or at the attorney's office by leaving the documents, in an envelope or package clearly labeled to identify the attorney being served, with a receptionist or an individual in charge of the office, between the hours of nine in the morning and five in the evening. (2) For a party, delivery was made to the party or by leaving the documents at the party's residence with some person not younger than 18 years of age between the hours of eight in the morning and six in the evening.

☒   **By United States mail.** I enclosed the documents in a sealed envelope or package addressed to the persons at the addresses below and *(specify one)*:

    ☐   deposited the sealed envelope with the United States Postal Service, with the postage fully prepaid.

    ☒   placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with this business's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

I am a resident or employed in the county where the mailing occurred. The envelope or package was placed in the mail at: **Los Angeles, California**.

☐   **By overnight delivery.** I enclosed the documents in an envelope or package provided by an overnight delivery carrier and addressed to the persons at the addresses below. I placed the envelope or package for collection and overnight delivery at an office or a regularly utilized drop box of the overnight delivery carrier.

☐   **By messenger service.** I served the documents by placing them in an envelope or package addressed to the persons at the addresses listed below and providing them to a professional messenger service for service. *(A declaration by the messenger must accompany this Proof of Service or be contained in the Declaration of Messenger below.)*

4.

*Christine Espinosa, et al. v. Genesis Healthcare, Inc., et al.*
Case No.: 19STCV38528

☐ **By fax transmission.** Based on an agreement of the parties to accept service by fax transmission, I faxed the documents to the persons at the fax numbers listed below. No error was reported by the fax machine that I used. A copy of the record of the fax transmission, which I printed out, is attached.

☐ **By electronic service.** Based on a court order or an agreement of the parties to accept electronic service, I caused the documents to be sent to the persons at the electronic service addresses listed below.

*Attorneys for Plaintiff Christine Espinosa*

Ronald H. Bae
Olivia D. Scharrer
AEQUITAS LEGAL GROUP
1156 E. Green Street, Suite 200
Pasadena, CA 91106
Telephone:  (213) 674-6080
Facsimile:  (213) 674-6081
Email: rbae@AequitasLegalGroup.com
           oscharrer@AequitasLegalGroup.com

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.  Executed on January 22, 2020, at Los Angeles, California.

Michele Morelli

4817-2675-9089.1 050738.1307

# EXHIBIT D

1  Ronald H. Bae (SBN 186826)
   rbae@AequitasLegalGroup.com
2  Olivia D. Scharrer (SBN 291470)
   oscharrer@AequitasLegalGroup.com
3  AEQUITAS LEGAL GROUP
   A Professional Law Corporation
4  1156 E. Green Street, Suite 200
   Pasadena, California 91106
5  Telephone:     (213) 674-6080
6  Facsimile:      (213) 674-6081

7  Attorneys for Plaintiff CHRISTINE ESPINOSA

8

9            **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

10           **COUNTY OF LOS ANGELES – CENTRAL DISTRICT**

11

| | |
|---|---|
| 12  CHRISTINE ESPINOSA, individually, and on behalf of other members of the general public similarly situated and other aggrieved employees, | **Case Number:   19STCV38528** |
| 13 | [Assigned for all purposes to the Honorable Elihu M. Berle, Dept. 6] |
| 14 | |
| 15 | |
| 16                    Plaintiff, | **NOTICE OF INITIAL STATUS CONFERENCE; NOTICE OF COMPLEX DESIGNATION** |
| 17         vs. | |
| 18 | |
| 19  GENESIS HEALTHCARE, INC., a Delaware corporation; GENESIS HEALTHCARE, LLC, a Delaware limited liability company; GHC PAYROLL, LLC, a Delaware limited liability company; ANAHEIM TERRACE CARE CENTER, LLC, a Delaware limited liability company; and DOES 1 through 100, inclusive, | **Date:      January 3, 2020**<br>**Time:     10:00 a.m.**<br>**Dept:     6** |
| 20 | |
| 21 | |
| 22 | |
| 23 | |
| 24                    Defendants. | [Complaint filed:    October 28, 2019] |

25

26

27

28

AEQUITAS LEGAL GROUP
A Professional Law Corporation
1156 E. Green Street, Suite 200
Pasadena, California 91106

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that the Court has set an Initial Status Conference on <u>January 3, 2020</u> at <u>10:00 a.m.</u> in <u>Department 6</u> of the above-entitled court, located at 312 N. Spring Street, Los Angeles, California 90012.  An Order to Show Cause re: Relating Cases is set for the same date and time.  The parties are ordered to file a Joint Initial Status Conference Statement seven calendar days before the Initial Status Conference.  A true and correct copy of the November 6, 2019 Initial Status Conference Order is attached hereto as **Exhibit A**.

PLEASE TAKE FURTHER NOTICE that the Court determined this case to be complex according to Rule 3.400 of the California Rules of Court.  A true and correct copy of the November 6, 2019 Minute Order regarding the complex designation is attached hereto as **Exhibit B**.

Date:   November 22, 2019

AEQUITAS LEGAL GROUP

By: _____
     RONALD H. BAE
     OLIVIA D. SCHARRER
Attorneys for Plaintiff CHRISTINE ESPINOSA

AEQUITAS LEGAL GROUP
A Professional Law Corporation
1156 E. Green Street, Suite 200
Pasadena, California 91106

# EXHIBIT  A

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF LOS ANGELES

CONFORMED COPY
ORIGINAL FILED
Superior Court of California
County of Los Angeles

**NOV 06 2019**

Sherri R. Carter, Executive Officer/Clerk

By Marisela Fregoso, Deputy

| | |
|---|---|
| CHRISTINE ESPINOSA, individually, and on behalf of other members of the general public similarly situated and other aggrieved employees, | Case No.: 19STCV38528 |
| Plaintiffs, | INITIAL STATUS CONFERENCE ORDER |
| vs | Complex Litigation Program |
| GENESIS HEALTHCARE, INC., a Delaware corporation; GENESIS HEALTHCARE, LLC, a Delaware limited liability company; GHC PAYROOL, LLC, a Delaware limited liability company; ANAHEIM TERRACE CARE ENTER, LLC, a Delaware limited liability company; and DOES 1 through 100, inclusive, | The Honorable Elihu M. Berle Department 6 Date: January 3, 2020 Time: 10:00 a.m. |
| Defendants. | |

This case has been assigned for all purposes to Judge Elihu M. Berle in the Complex Litigation Program of the Los Angeles Superior Court.

An Initial Status Conference has been set for January 3, 2020, at 10:00 a.m. in Department 6, Los Angeles Superior Courts at United States Court House, located at 312 N. Spring Street, Los Angeles, CA 90012. Counsel for all parties are ordered to attend this Initial Status Conference. An Order to Show Cause Re Relating Cases is set for the same date and time.

Counsel for all parties are ordered to meet and confer in person, at least ten (10) days before the Initial Status Conference date to discuss the following matters, and to prepare to address these issues with this Court at the Initial Status Conference.

1.      Parties to the action and the addition of parties;

- 1 –

2.    Claims and defenses; including cross claims;

3.    Appropriate alternative dispute resolution (ADR) mechanisms (e.g., mediation, neutral evaluation, mandatory settlement conference, arbitration, mini-trial, etc.);

4.    Issues of law that, if determined early in the case, may simplify or further resolution of the case;

5.    Target discovery completion and trial dates;

Counsel for plaintiff is to take the lead in preparing a Joint Initial Status Conference Report to be filed seven (7) calendar days prior to the Initial Status Conference.  The Joint Report shall address:

1.    Service list of all parties and counsel (the service list should identify all primary and secondary counsel, firm names, addresses, telephone numbers, email addresses and fax numbers for all counsel). The Court will issue an Order requiring electronic service.

2.    A statement as to whether additional parties are likely to be added and a proposed date by which all such parties must be served;

3.    An outline of the claims and cross-claims and the parties against whom each claim is asserted;

4.    A description of the core factual and legal issues. The parties should address any specific constitutional and/or statutory provisions, the interpretation of which may assist in resolution of significant issues in the case.

5.    A description of legal issues that, if decided by the court, may simplify or further resolution of the case;

6.    If this is a class action, the parties should also provide their best estimate of the size of the putative class that Plaintiffs seek to represent;

7.    Whether discovery should be conducted in phases or limited in some fashion. If so, the parties should discuss the phases and sequence, and any types of limitations on discovery. (If this is a class action, the parties should

- 2 –
INITIAL STATUS CONFERENCE ORDER

1                    address the issue of limited merits discovery in advance of class

2                    certification motions);

3      8.  Whether particular documents relevant to the case can be voluntarily exchanged

4          by agreement of the parties, and whether information concerning relevant

5          witnesses can be exchanged by agreement of the parties.

6      9.  The parties' tentative views on an ADR mechanism and how such mechanism

7          might be integrated into the course of the litigation;

8      10.  A proposed discovery cut-off date; and

9      11.  A target date and a time estimate for trial.

10       Plaintiffs' counsel is directed to serve copy of this Initial Status Conference Order on

11 counsel for all parties, or if counsel has not been identified, on all parties, within five (5) days of

12 service of this order.

13

14 IT IS SO ORDERED.

15

16                                               **ELIHU M. BERLE**

17 DATED: 11-6-19

18                                           ELIHU M. BERLE
                                          Judge of the Superior Court

19

20

21

22

23

24

25

# EXHIBIT  B

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
## Civil Division
Central District, Spring Street Courthouse, Department 6

**19STCV38528**                                                      November 6, 2019
**CHRISTINE ESPINOSA vs GENESIS HEALTHCARE, INC.,**                       3:53 PM
**et al.**

Judge: Honorable Elihu M. Berle          CSR: None
Judicial Assistant: Marisela Fregoso     ERM: None
Courtroom Assistant: None                Deputy Sheriff: None

APPEARANCES:

For Plaintiff(s):  No Appearances

For Defendant(s):  No Appearances

**NATURE OF PROCEEDINGS:** Court Order

By this order, the Court determines this case to be Complex according to Rule 3.400 of the
California Rules of Court. The Clerk's Office has randomly assigned this case to this department
for all purposes.

By this order, the Court stays the case, except for service of the Summons and Complaint. The
stay continues at least until the Initial Status Conference. Initial Status Conference is set for
01/03/2020 at 10:00 AM in this department. At least 10 days prior to the Initial Status
Conference, counsel for all parties must discuss the issues set forth in the Initial Status
Conference Order issued this date. The Initial Status Conference Order is to help the Court and
the parties manage this complex case by developing an orderly schedule for briefing, discovery,
and court hearings. The parties are informally encouraged to exchange documents and
information as may be useful for case evaluation.

Responsive pleadings shall not be filed until further Order of the Court. Parties must file a Notice
of Appearance in lieu of an Answer or other responsive pleading. The filing of a Notice of
Appearance shall not constitute a waiver of any substantive or procedural challenge to the
Complaint. Nothing in this order stays the time for filing an Affidavit of Prejudice pursuant to
Code of Civil Procedure Section 170.6.

Counsel are directed to access the following link for information on procedures in the Complex
litigation Program courtrooms:  http://www.lacourt.org/division/civil/CI0037.aspx

Pursuant to Government Code Sections 70616(a) and 70616(b), a single complex fee of one
thousand dollars ($1,000.00) must be paid on behalf of all plaintiffs. For defendants, a complex
fee of one thousand dollars ($1,000.00) must be paid for each defendant, intervenor, respondent
or adverse party, not to exceed, for each separate case number, a total of eighteen thousand

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
## Civil Division
Central District, Spring Street Courthouse, Department 6

**19STCV38528**                                                          November 6, 2019
**CHRISTINE ESPINOSA vs GENESIS HEALTHCARE, INC.,**                            3:53 PM
**et al.**

Judge: Honorable Elihu M. Berle            CSR: None
Judicial Assistant: Marisela Fregoso       ERM: None
Courtroom Assistant: None                  Deputy Sheriff: None

---

dollars ($18,000.00), collected from all defendants, intervenors, respondents, or adverse parties. All such fees are ordered to be paid to Los Angeles Superior Court, within 10 days of service of this order.

The plaintiff must serve a copy of this minute order and the attached Initial Status Conference Order on all parties forthwith and file a Proof of Service in this department within 7 days of service.

PARTIES SHALL FILE A JOINT STATUS REPORT 7 DAYS PRIOR TO THE INITIAL STATUS CONFERENCE.

Certificate of Mailing is attached.

## PROOF OF SERVICE

### STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the county of Los Angeles, State of California.  I am over the age of 18, and my business address is 1156 E. Green Street, Suite 200 Pasadena, California 91106.

On November 22, 2019, I served the document described as **NOTICE OF INITIAL STATUS CONFERENCE; NOTICE OF COMPLEX DESIGNATION** on the following interested parties and/or their counsel in this action by the method(s) noted below:

Curtis A. Graham
LITTLER MENDELSON, P.C.
633 W. Fifth Street, 63rd Floor
Los Angeles, CA 90071
Telephone: (213) 443-4215
Facsimile: (213) 402-3854
Emails: cagraham@littler.com

Attorneys for Defendants GENESIS HEALTHCARE, INC.; GENESIS HEALTHCARE, LLC; GHC PAYROLL, LLC; and ANAHEIM TERRACE CARE CENTER, LLC

☑ **(BY FIRST CLASS MAIL):**  I caused such envelope to be deposited in the mail at Pasadena, California.  The envelope was mailed with postage thereon fully prepaid. I placed such envelope with postage thereon prepaid in the United States mail at Pasadena, California.

☐ **(BY EXPRESS MAIL):**  I placed the above-described document in an envelope for collection and delivery on this date in accordance with the standard express mail procedures of the United States Postal Service.

☐ **(BY FACSIMILE):**  I sent the above-described document via facsimile to the office of the above addressee(s) at the above-noted fax number(s).

☑ **(BY EMAIL):**  The above-described document was emailed to the above addressee's email address(es) as a courtesy.

☑ **(STATE):**  I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

☐ **(FEDERAL):**  I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on November 22, 2019 at Pasadena, California.

CYNTHIA HERNANDEZ

AEQUITAS LEGAL GROUP
A Professional Law Corporation
1156 E. Green Street, Suite 200
Pasadena, California 91106

1  Ronald H. Bae (SBN 186826)
   Olivia D. Scharrer (SBN 291470)
2  AEQUITAS LEGAL GROUP
   A Professional Law Corporation
3  1156 E. Green Street, Suite 200
   Pasadena, California 91106
4  Telephone:    (213) 674-6080
   Facsimile:    (213) 674-6081
5
   Attorneys for Plaintiff CHRISTINE ESPINOSA
6
   Curtis A. Graham (SBN 215745)
7  LITTLER MENDELSON, P.C.
   633 W. Fifth Street, 63rd Floor
8  Los Angeles, California 90071
   Telephone:    (213) 443-4300
9  Facsimile:    (213) 443-4299

10 Attorneys for Defendants GENESIS HEALHCARE,
   INC., *et al.*
11
12 (*Additional counsel listed on the following page*)

13           **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

14           **COUNTY OF LOS ANGELES – CENTRAL DISTRICT**

15

| | |
|---|---|
| 16 CHRISTINE ESPINOSA, individually, and on behalf of other members of the general public similarly situated and other aggrieved employees; | **Case Number:   19STCV38528** |
| 17 | [Assigned for all purposes to the Honorable Elihu M. Berle, Dept. 6] |
| 18          Plaintiff, | |
| 19      vs. | **JOINT STIPULATION TO CONTINUE THE INITIAL STATUS CONFERENCE CURRENTLY SCHEDULED FOR JANUARY 3, 2020; [PROPOSED] ORDER** |
| 20 GENESIS HEALTHCARE, INC., a Delaware corporation; GENESIS HEALTHCARE, LLC, a Delaware limited liability company; GHC PAYROLL, LLC, a Delaware limited liability company; ANAHEIM TERRACE CARE CENTER, LLC, a Delaware limited liability company; and DOES 1 through 100, inclusive, | |
| 25          Defendants. | [Complaint filed: October 28, 2019] |

26

27

28

RECEIVED
LOS ANGELES SUPERIOR COURT

DEC 31 2019

S. DREW

-1-

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Christopher J. Canlas (SBN 247291)
CANLAS LAW GROUP
18000 Studebaker Road, Suite 350
Cerritos, California 90703
Telephone:      (323) 888-4325
Facsimile:       (323) 888-4329

Attorneys for Plaintiff CHRISTINE ESPINOSA

1

## JOINT STIPULATION

2    **WHEREAS**, the Initial Status Conference in the above-entitled case is currently scheduled

3    for January 3, 2020 at 10:00 a.m.;

4    **WHEREAS**, the defendants have not yet been formally served;

5    **WHEREAS**, Plaintiff's counsel has contacted counsel who will be representing the

6    defendants and was advised that defendants' counsel will be out of town on January 3, 2020 and

7    thus not available that day;

8

9    **THEREFORE**, the parties, through their counsel, hereby stipulate as follows:

10    1.    That the Initial Status Conference currently scheduled for January 3, 2020 at 10:00

11         a.m. be continued for approximately two weeks on a date/time that is convenient to

12         the Court.

13    **IT IS SO STIPULATED**.

14

15    Date:   December 30, 2019             AEQUITAS LEGAL GROUP

16

17                                         By: _____
                                               RONALD H. BAE
18                                             OLIVIA D. SCHARRER
                                           Attorneys for Plaintiff CHRISTINE ESPINOSA
19

20    Date:   December 30, 2019             LITTLER MENDELSON, P.C.

21                                         */s/ Curtis A. Graham*[1]
                                           By: _____
22                                             CURTIS A. GRAHAM
                                           Attorneys for Defendants GENESIS
23                                         HEALTHCARE, INC., *et al*.

24

25

26

27

28    _____
      [1] This e-signature was inserted with the express written permission of Mr. Curtis A. Graham.

1

## [PROPOSED] ORDER

2          Upon consideration of the parties' stipulation and also finding good cause, it is hereby

3   ordered that:

4          1.     The Initial Status Conference currently scheduled for January 3, 2020 at 10:00 a.m.

5                 be continued to January ___, 2020 at _____ a.m. /p.m.

6

7

8          **IT IS SO ORDERED.**

9

10  Dated:   _____, 2020

11

12                                             _____

13                                             HONORABLE ELIHU M. BERLE
                                               JUDGE OF THE SUPERIOR COURT
14                                             OF CALIFORNIA, COUNTY OF LOS ANGELES

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## PROOF OF SERVICE

### STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the county of Los Angeles, State of California. I am over the age of 18, and my business address is 1156 E. Green Street, Suite 200, Pasadena, California 91106.

On December 30, 2019, I served the document described as **JOINT STIPULATION TO CONTINUE THE INITIAL STATUS CONFERENCE CURRENTLY SCHEDULED FOR JANUARY 3, 2020; [PROPOSED] ORDER** on the following interested parties and/or their counsel in this action by the method(s) noted below:

Curtis A. Graham
LITTLER MENDELSON, P.C.
633 W. Fifth Street, 63rd Floor
Los Angeles, California 90071
Telephone: (213) 443-4300
Facsimile:  (213) 443-4299
Email: cagraham@littler.com

Attorneys for Defendants GENESIS HEALTHCARE, INC., *et al*.

☑   **(BY FIRST CLASS MAIL):**  I caused an envelope containing the above-described document to be deposited in the United States mail at Pasadena, California.  The envelope was mailed with postage thereon fully prepaid.

☐   **(BY EXPRESS MAIL):**  I placed the above-described document in an envelope for collection and delivery on this date in accordance with the standard express mail procedures of the United States Postal Service.

☑   **(BY EMAIL):**  The above-described document was emailed to the above addressee(s)' email address(es) as a courtesy.

☐   **(BY PERSONAL SERVICE):**  I personally served the above-described document to the above addressee(s) on this day.

☑   **(STATE):**  I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on December 30, 2019 at Pasadena, California.

CYNTHIA HERNANDEZ

1  CURTIS A. GRAHAM, Bar No. 215745
   IAN T. MAHER, Bar No. 280746
2  LITTLER MENDELSON, P.C.
   633 West 5th Street
3  63rd Floor
   Los Angeles, CA  90071
4  Telephone:   213.443.4300
   Fax No.:     213.443.4299
5
   Attorneys for Defendants
6  GENESIS HEALTHCARE, INC., GENESIS
   HEALTHCARE LLC, GHC PAYROLL, LLC, and
7  ANAHEIM TERRACE CARE CENTER, LLC

CONFORMED COPY
ORIGINAL FILED
Superior Court of California
County of Los Angeles

JAN 09 2020

Sherri R. Carter, Executive Officer/Clerk

By Marisela Fregoso, Deputy

8
                 SUPERIOR COURT OF THE STATE OF CALIFORNIA
9
              COUNTY OF LOS ANGELES – SPRING STREET COURTHOUSE
10

| | |
|---|---|
| 11 CHRISTINE ESPINOSA, individually, and on behalf of other members of the general public similarly situated and other aggrieved employees, | Case No. 19STCV38528 |
| 12 | ASSIGNED FOR ALL PURPOSES TO HON. ELIHU M. BERLE, DEPT. 6 |
| 13 Plaintiffs, | **DEFENDANTS' MOTION FOR PEREMPTORY DISQUALIFICATION OF ASSIGNED JUDGE** |
| 14 vs. | |
| 15 GENESIS HEALTHCARE, INC., a Delaware corporation; GENESIS HEALTHCARE, LLC, a Delaware limited liability company; GHC PAYROLL, LLC, a Delaware limited liability company; ANAHEIM TERRACE CARE CENTER, LLC, a Delaware limited liability company; and DOES 1 through 100, inclusive, | [CODE OF CIVIL PROCEDURE §170.6] |
| 20 Defendants. | Complaint Filed:  October 28, 2019 Trial Date:        TBD |

21
22
23
24
25
26
27
28

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

1.

DEFENDANTS' MOTION FOR PEREMPTORY DISQUALIFICATION OF ASSIGNED JUDGE

**TO THE HONORABLE COURT AND ALL PARTIES OF RECORD:**

PLEASE TAKE NOTICE THAT counsel for Defendants GENESIS HEALTHCARE, INC., GENESIS HEALTHCARE LLC, GHC PAYROLL, LLC, and ANAHEIM TERRACE CARE CENTER, LLC ("Defendants") hereby move, pursuant to California Code of Civil Procedure section 170.6 and Los Angeles Superior Court Rule 2.5, to disqualify the Honorable Elihu M. Berle, the judge to whom this matter has been assigned for all purposes, and that no matters hereinafter arising in this case be heard or assigned to Judge Elihu M. Berle on the grounds that this case involves contested issues of law and/or fact and said Judge is prejudiced against Defendants, their counsel, or the interests of Defendants or their counsel in this action such that Defendants believe that they cannot have a fair and impartial trial before Judge Elihu Berle.

"If a peremptory challenge motion in proper form is timely filed under section 170.6, the court must accept it without further inquiry." *Stephens v. Superior Court* (2002) 96 Cal.App.4th 54, 59; *see also Davcon, Inc. v. Roberts & Morgan* (2003) 110 Cal.App.4th 1355, 1360-62 (peremptory challenge is effective "without any further act or proof" when accepted by the judge).

Defendants' motion is timely, as it is filed within 15 days of Defendants' initial appearance in this matter. Cal. Civ. Proc. Code § 170.6. Defendants have not previously made a peremptory challenge to a judge in this action, and thus this request is properly made.

This motion is based upon the matters contained herein, Section 170.6 of the Code of Civil Procedure, and the supporting declaration of Ian T. Maher, filed and served concurrently herewith.

WHEREFORE, Defendants respectfully requests that this Court grant the relief requested by this Motion.

Dated:        January 9, 2020

CURTIS A. GRAHAM
IAN T. MAHER
LITTLER MENDELSON, P.C.
Attorneys for Defendants
GENESIS HEALTHCARE, INC., GENESIS HEALTHCARE LLC, GHC PAYROLL, LLC, and ANAHEIM TERRACE CARE CENTER, LLC

4849-5419-8448.1 050738.1307

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA  90071
213.443.4300

2.

DEFENDANTS' MOTION FOR PEREMPTORY DISQUALIFICATION OF ASSIGNED JUDGE

*Christine Espinosa, et al. v. Genesis Healthcare, Inc., et al.*
Case No.: 19STCV38528

## PROOF OF SERVICE

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is 633 West 5th Street, 63rd Floor, Los Angeles, California 90071.  On January 9, 2020, I served the within document(s):

**DEFENDANTS' MOTION FOR PEREMPTORY DISQUALIFICATION OF ASSIGNED JUDGE**

☐ **By personal service.** I personally delivered the documents to the persons at the addresses listed below. (1) For a party represented by an attorney, delivery was made to the attorney or at the attorney's office by leaving the documents, in an envelope or package clearly labeled to identify the attorney being served, with a receptionist or an individual in charge of the office, between the hours of nine in the morning and five in the evening. (2) For a party, delivery was made to the party or by leaving the documents at the party's residence with some person not younger than 18 years of age between the hours of eight in the morning and six in the evening.

☒ **By United States mail.**  I enclosed the documents in a sealed envelope or package addressed to the persons at the addresses below and *(specify one):*

　　☐ deposited the sealed envelope with the United States Postal Service, with the postage fully prepaid.

　　☒ placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with this business's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

I am a resident or employed in the county where the mailing occurred. The envelope or package was placed in the mail at:  **Los Angeles, California**.

☐ **By overnight delivery.**  I enclosed the documents in an envelope or package provided by an overnight delivery carrier and addressed to the persons at the addresses below. I placed the envelope or package for collection and overnight delivery at an office or a regularly utilized drop box of the overnight delivery carrier.

☐ **By messenger service.**  I served the documents by placing them in an envelope or package addressed to the persons at the addresses listed below and providing them to a professional messenger service for service. *(A declaration by the messenger must accompany this Proof of Service or be contained in the Declaration of Messenger below.)*

*Christine Espinosa, et al. v. Genesis Healthcare, Inc., et al.*
Case No.: 19STCV38528

☐   **By fax transmission.**  Based on an agreement of the parties to accept service by fax transmission, I faxed the documents to the persons at the fax numbers listed below. No error was reported by the fax machine that I used. A copy of the record of the fax transmission, which I printed out, is attached.

☐   **By electronic service.**  Based on a court order or an agreement of the parties to accept electronic service, I caused the documents to be sent to the persons at the electronic service addresses listed below.

*Attorneys for Plaintiff Christine Espinosa*

Ronald H. Bae
Olivia D. Scharrer
AEQUITAS LEGAL GROUP
1156 E. Green Street, Suite 200
Pasadena, CA 91106
Telephone:  (213) 674-6080
Facsimile:  (213) 674-6081
Email: rbae@AequitasLegalGroup.com
       oscharrer@AequitasLegalGroup.com

     I declare under penalty of perjury under the laws of the State of California that the above is true and correct.  Executed on January 9, 2020, at Los Angeles, California.

_____
Michele Morelli

4817-2675-9089.1 050738.1307

1   CURTIS A. GRAHAM, Bar No. 215745
    IAN T. MAHER, Bar No. 280746
2   LITTLER MENDELSON, P.C.
    633 West 5th Street
3   63rd Floor
    Los Angeles, CA 90071
4   Telephone:   213.443.4300
    Fax No.:      213.443.4299
5
    Attorneys for Defendants
6   GENESIS HEALTHCARE, INC., GENESIS
    HEALTHCARE LLC, GHC PAYROLL, LLC, and
7   ANAHEIM TERRACE CARE CENTER, LLC

8                SUPERIOR COURT OF THE STATE OF CALIFORNIA

9           COUNTY OF LOS ANGELES – SPRING STREET COURTHOUSE

10  CHRISTINE ESPINOSA, individually, and      Case No. 19STCV38528
    on behalf of other members of the general
11  public similarly situated and other         ASSIGNED FOR ALL PURPOSES TO HON.
    aggrieved employees,                        ELIHU M. BERLE, DEPT. 6
12
                      Plaintiffs,               DECLARATION OF IAN T. MAHER IN
13                                              SUPPORT OF DEFENDANTS' MOTION
                                                FOR PEREMPTORY
14         vs.                                  DISQUALIFICATION PURSUANT TO
                                                CALIFORNIA CODE OF CIVIL
15  GENESIS HEALTHCARE, INC., a                 PROCEDURE SECTION 170.6
    Delaware corporation; GENESIS
16  HEALTHCARE, LLC, a Delaware limited
    liability company; GHC PAYROLL, LLC,
17  a Delaware limited liability company;
    ANAHEIM TERRACE CARE CENTER,
18  LLC, a Delaware limited liability
    company; and DOES 1 through 100,
19  inclusive,                                  Complaint Filed:  October 28, 2019
                                                Trial Date:       TBD
20                    Defendants.

21

22

23

24

25

26

27

28

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

1.

MAHER DECLARATION ISO DEFENDANTS' MOTION FOR PEREMPTORY DISQUALIFICATION

CONFORMED COPY
ORIGINAL FILED
Superior Court of California
County of Los Angeles

JAN 09 2020

Sherri R. Carter, Executive Officer/Clerk

By Marisela Frealoso, Deputy

**DECLARATION OF IAN T. MAHER**

I, Ian T. Maher, declare as follows:

1.      I am an attorney at the law firm of Littler Mendelson, P.C., counsel of record for Defendants GENESIS HEALTHCARE, INC., GENESIS HEALTHCARE, LLC, GHC PAYROLL, LLC, and ANAHEIM TERRACE CARE CENTER, LLC ("Defendants") in the above-entitled action. If called as a witness, I could and would testify competently to matters set forth herein.

2.      The complaint was filed on or about October 28, 2019.

3.      The court thereafter set an Initial Status Conference for January 3, 2020, which indicated that the above-entitled case had been assigned for all purposes to the Honorable Elihu M. Berle in Department 6 of the above-entitled court.

4.      On December 31, 2019, the parties filed a Joint Stipulation to Continue the Initial Status Conference, which was Defendants' first appearance in this action.

5.      On or about January 8, 2020, counsel for Defendants executed a Notice and Acknowledgement of Receipt of, *inter alia*, the summons and complaint in this action, completing service on Defendants as of that date.

6.      Defendants' motion pursuant to California Code of Civil Procedure section 170.6 is timely because it is filed within fifteen (15) days of Defendants' first appearance in this case on December 31, 2020.  *See* Cal. Civ. Proc. Code § 170.6; Los Angeles Superior Court Rule 2.5.

7.      I am informed and believe that the Honorable Elihu M. Berle, the judge to whom this case has been assigned, is prejudiced against Defendants or their interests such that Defendants believe that they cannot have a fair and impartial trial before said judge.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on this 9th day of January 2020 at Los Angeles, California.


IAN T. MAHER

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA  90071
213.443.4300

MAHER DECLARATION ISO DEFENDANTS' MOTION FOR PEREMPTORY DISQUALIFICATION

*Christine Espinosa, et al. v. Genesis Healthcare, Inc., et al.*
Case No.: 19STCV38528

## PROOF OF SERVICE

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is 633 West 5th Street, 63rd Floor, Los Angeles, California 90071. On January 9, 2020, I served the within document(s):

**DECLARATION OF IAN T. MAHER IN SUPPORT OF DEFENDANTS' MOTION FOR PEREMPTORY DISQUALIFICATION PURSUANT TO CALIFORNIA CODE OF CIVIL PROCEDURE SECTION 170.6**

☐   **By personal service.** I personally delivered the documents to the persons at the addresses listed below. (1) For a party represented by an attorney, delivery was made to the attorney or at the attorney's office by leaving the documents, in an envelope or package clearly labeled to identify the attorney being served, with a receptionist or an individual in charge of the office, between the hours of nine in the morning and five in the evening. (2) For a party, delivery was made to the party or by leaving the documents at the party's residence with some person not younger than 18 years of age between the hours of eight in the morning and six in the evening.

☒   **By United States mail.** I enclosed the documents in a sealed envelope or package addressed to the persons at the addresses below and *(specify one):*

   ☐   deposited the sealed envelope with the United States Postal Service, with the postage fully prepaid.

   ☒   placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with this business's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

I am a resident or employed in the county where the mailing occurred. The envelope or package was placed in the mail at: **Los Angeles, California**.

☐   **By overnight delivery.** I enclosed the documents in an envelope or package provided by an overnight delivery carrier and addressed to the persons at the addresses below. I placed the envelope or package for collection and overnight delivery at an office or a regularly utilized drop box of the overnight delivery carrier.

☐   **By messenger service.** I served the documents by placing them in an envelope or package addressed to the persons at the addresses listed below and providing them to a professional messenger service for service. *(A declaration by the messenger must accompany this Proof of Service or be contained in the Declaration of Messenger below.)*

*Christine Espinosa, et al. v. Genesis Healthcare, Inc., et al.*
Case No.: 19STCV38528

☐ **By fax transmission.** Based on an agreement of the parties to accept service by fax transmission, I faxed the documents to the persons at the fax numbers listed below. No error was reported by the fax machine that I used. A copy of the record of the fax transmission, which I printed out, is attached.

☐ **By electronic service.** Based on a court order or an agreement of the parties to accept electronic service, I caused the documents to be sent to the persons at the electronic service addresses listed below.

*Attorneys for Plaintiff Christine Espinosa*

Ronald H. Bae
Olivia D. Scharrer
AEQUITAS LEGAL GROUP
1156 E. Green Street, Suite 200
Pasadena, CA 91106
Telephone:  (213) 674-6080
Facsimile:  (213) 674-6081
Email: rbae@AequitasLegalGroup.com
          oscharrer@AequitasLegalGroup.com

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.  Executed on January 9, 2020, at Los Angeles, California.

_____
Michele Morelli

4817-2675-9089.1 050738.1307

1 | CURTIS A. GRAHAM, Bar No. 215745
IAN T. MAHER, Bar No. 280746
2 | LITTLER MENDELSON, P.C.
633 West 5th Street
3 | 63rd Floor
Los Angeles, CA 90071
4 | Telephone:   213.443.4300
Fax No.:       213.443.4299
5 |
Attorneys for Defendants
6 | GENESIS HEALTHCARE, INC., GENESIS
HEALTHCARE LLC, GHC PAYROLL, LLC, and
7 | ANAHEIM TERRACE CARE CENTER, LLC

RECEIVED

JAN 09 2020

SPRING STREET
DEPT. 6

8 |

SUPERIOR COURT OF THE STATE OF CALIFORNIA

9 |

COUNTY OF LOS ANGELES – SPRING STREET COURTHOUSE

10 |

| | |
|---|---|
| 11 CHRISTINE ESPINOSA, individually, and on behalf of other members of the general public similarly situated and other aggrieved employees, | Case No. 19STCV38528 |
| 12 | ASSIGNED FOR ALL PURPOSES TO HON. ELIHU M. BERLE, DEPT. 6 |
| 13                    Plaintiffs, | [PROPOSED] ORDER GRANTING DEFENDANTS' PEREMPTORY DISQUALIFICATION OF JUDICIAL OFFICER |
| 14          vs. | |
| 15 GENESIS HEALTHCARE, INC., a Delaware corporation; GENESIS | |
| 16 HEALTHCARE, LLC, a Delaware limited liability company; GHC PAYROLL, LLC, | |
| 17 a Delaware limited liability company; ANAHEIM TERRACE CARE CENTER, | |
| 18 LLC, a Delaware limited liability company; and DOES 1 through 100, | |
| 19 inclusive, | Complaint Filed:  October 28, 2019 Trial Date:          TBD |
| 20                    Defendants. | |

21
22
23
24
25
26
27
28

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213 443 4300

1.

[PROPOSED] ORDER GRANTING DEFENDANTS' MOTION FOR PEREMPTORY DISQUALIFICATION

1

2

3

4

5

6

7

8                  SUPERIOR COURT OF THE STATE OF CALIFORNIA

9              COUNTY OF LOS ANGELES – SPRING STREET COURTHOUSE

10   CHRISTINE ESPINOSA, individually, and      Case No.  19STCV38528
     on behalf of other members of the general
11   public similarly situated and other         ASSIGNED FOR ALL PURPOSES TO HON.
     aggrieved employees,                        ELIHU M. BERLE, DEPT. 6
12
                    Plaintiffs,                   **[PROPOSED] ORDER GRANTING**
13                                                **DEFENDANTS' PEREMPTORY**
           vs.                                    **DISQUALIFICATION OF JUDICIAL**
14                                                **OFFICER**
     GENESIS HEALTHCARE, INC., a
15   Delaware corporation; GENESIS
     HEALTHCARE, LLC, a Delaware limited
16   liability company; GHC PAYROLL, LLC,
     a Delaware limited liability company;
17   ANAHEIM TERRACE CARE CENTER,
     LLC, a Delaware limited liability
18   company; and DOES 1 through 100,
     inclusive,
19                                                Complaint Filed:   October 28, 2019
                    Defendants.                   Trial Date:         TBD
20

21

22

23

24

25

26

27

28

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA  90071
213.443.4300

2.

[PROPOSED] ORDER GRANTING DEFENDANTS' MOTION FOR PEREMPTORY DISQUALIFICATION

1       Defendants GENESIS HEALTHCARE, INC., GENESIS HEALTHCARE LLC, GHC

2   PAYROLL, LLC, and ANAHEIM TERRACE CARE CENTER, LLC, by and through their counsel

3   of record, filed a Motion for Peremptory Disqualification of Assigned Judge and supporting

4   declaration under Code of Civil Procedure section 170.6 against the Honorable Elihu M. Berle of the

5   above-captioned Court.  Pursuant to section 170.6 of the Code of Civil Procedure, Honorable Elihu

6   M. Berle is removed from this case and the case is sent back to the Presiding Judge for reassignment.

7       **IT IS SO ORDERED**

8

9   DATE: _____, 2020

10

11

12                                  _____

13                                  JUDGE OF THE SUPERIOR COURT

14   4823-9573-8800.1 050738.1307

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

3.

*Christine Espinosa, et al. v. Genesis Healthcare, Inc., et al.*
Case No.: 19STCV38528

## PROOF OF SERVICE

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is 633 West 5th Street, 63rd Floor, Los Angeles, California 90071. On January 9, 2020, I served the within document(s):

### [PROPOSED] ORDER GRANTING DEFENDANTS' PEREMPTORY DISQUALIFICATION OF JUDICIAL OFFICER

☐ **By personal service.** I personally delivered the documents to the persons at the addresses listed below. (1) For a party represented by an attorney, delivery was made to the attorney or at the attorney's office by leaving the documents, in an envelope or package clearly labeled to identify the attorney being served, with a receptionist or an individual in charge of the office, between the hours of nine in the morning and five in the evening. (2) For a party, delivery was made to the party or by leaving the documents at the party's residence with some person not younger than 18 years of age between the hours of eight in the morning and six in the evening.

☒ **By United States mail.** I enclosed the documents in a sealed envelope or package addressed to the persons at the addresses below and *(specify one):*

   ☐ deposited the sealed envelope with the United States Postal Service, with the postage fully prepaid.

   ☒ placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with this business's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

I am a resident or employed in the county where the mailing occurred. The envelope or package was placed in the mail at*:* **Los Angeles, California**.

☐ **By overnight delivery.** I enclosed the documents in an envelope or package provided by an overnight delivery carrier and addressed to the persons at the addresses below. I placed the envelope or package for collection and overnight delivery at an office or a regularly utilized drop box of the overnight delivery carrier.

☐ **By messenger service.** I served the documents by placing them in an envelope or package addressed to the persons at the addresses listed below and providing them to a professional messenger service for service. *(A declaration by the messenger must accompany this Proof of Service or be contained in the Declaration of Messenger below.)*

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

☐     **By fax transmission.** Based on an agreement of the parties to accept service by fax transmission, I faxed the documents to the persons at the fax numbers listed below. No error was reported by the fax machine that I used. A copy of the record of the fax transmission, which I printed out, is attached.

☐     **By electronic service.** Based on a court order or an agreement of the parties to accept electronic service, I caused the documents to be sent to the persons at the electronic service addresses listed below.

*Attorneys for Plaintiff Christine Espinosa*

Ronald H. Bae
Olivia D. Scharrer
AEQUITAS LEGAL GROUP
1156 E. Green Street, Suite 200
Pasadena, CA 91106
Telephone:  (213) 674-6080
Facsimile:  (213) 674-6081
Email:  rbae@AequitasLegalGroup.com
        oscharrer@AequitasLegalGroup.com

      I declare under penalty of perjury under the laws of the State of California that the above is true and correct.  Executed on January 9, 2020, at Los Angeles, California.

_____
Michele Morelli

4817-2675-9089.1 050738.1307

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
### Civil Division
Central District, Spring Street Courthouse, Department 6

**19STCV38528**                                    January 10, 2020
**CHRISTINE ESPINOSA vs GENESIS HEALTHCARE, INC.,**              1:39 PM
**et al.**

Judge: Honorable Elihu M. Berle              CSR: None
Judicial Assistant: Marisela Fregoso         ERM: None
Courtroom Assistant: None                    Deputy Sheriff: None

APPEARANCES:

For Plaintiff(s): No Appearances

For Defendant(s):  No Appearances

**NATURE OF PROCEEDINGS:** Court Order

The Court reviews the Peremptory Challenge filed by GHC Payroll, LLC (Defendant) , Anaheim Terrace Care Center LLC. (Defendant) , Genesis Healthcare, Inc. (Defendant) and Genesis Healthcare, LLC (Defendant) on 01/09/2020 pursuant to Code of Civil Procedure section 170.6 and finds that it was timely filed, in proper format, and is accepted.

Good cause appearing and on order of the Court, the above matter is reassigned to Judge Ann I. Jones in Department 11 at the Spring Street Courthouse for all further proceedings.

If any appearing party has not yet exercised a peremptory challenge under Code of Civil Procedure section 170.6, peremptory challenges by them to the newly assigned judge must be timely filed within the 15 day period specified in Code of Civil Procedure section 170.6, with extensions of time pursuant to Code of Civil Procedure section 1013 if service is by mail. Previously non-appearing parties, if any, have a 15-day statutory period from first appearance to file a peremptory challenge (Government Code section 68616(1)).

All future hearings in this department are advanced to this date and taken off calendar.

Certificate of Mailing is attached.

# EXHIBIT E

1  CURTIS A. GRAHAM, Bar No. 215745
   IAN T. MAHER, Bar No. 280746
2  LITTLER MENDELSON, P.C.
   633 West 5th Street
3  63rd Floor
   Los Angeles, CA  90071
4  Telephone:    213.443.4300
   Fax No.:      213.443.4299
5
   Attorneys for Defendants
6  GENESIS HEALTHCARE, INC., GENESIS
   HEALTHCARE LLC, GHC PAYROLL, LLC, and
7  ANAHEIM TERRACE CARE CENTER, LLC

8                  SUPERIOR COURT OF THE STATE OF CALIFORNIA

9               COUNTY OF LOS ANGELES – SPRING STREET COURTHOUSE

10

11 | CHRISTINE ESPINOSA, individually, and on behalf of other members of the general public similarly situated and other aggrieved employees, | Case No.  19STCV38528 |
   |---|---|
12 | | ASSIGNED FOR ALL PURPOSES TO HON. ELIHU M. BERLE, DEPT. 6 |
13 | Plaintiffs, | **NOTICE TO STATE COURT AND PLAINTIFF OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT** |
14 | vs. | |
15 | GENESIS HEALTHCARE, INC., a Delaware corporation; GENESIS HEALTHCARE, LLC, a Delaware limited liability company; GHC PAYROLL, LLC, a Delaware limited liability company; ANAHEIM TERRACE CARE CENTER, LLC, a Delaware limited liability company; and DOES 1 through 100, inclusive, | |
16 | | Complaint Filed:  October 28, 2019 |
17 | | Trial Date:       Not Set |
18 | | |
19 | | |
20 | Defendants. | |

21

22

23

24

25

26

27

28

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA  90071
213.443.4300

1.

NOTICE TO STATE COURT AND PLAINTIFF OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT

1   **TO THE CLERK OF THE ABOVE-ENTITLED COURT, PLAINTIFFS, AND THEIR**

2   **ATTORNEY OF RECORD:**

3        **PLEASE TAKE NOTICE** that on January 23, 2020, Defendants GENESIS HEALTHCARE,

4   INC., GENESIS HEALTHCARE LLC, GHC PAYROLL, LLC, and ANAHEIM TERRACE CARE

5   CENTER, LLC ("Defendants") filed in the United States District Court for the Central District of

6   California, its Notice of Removal of the above-entitled action from the Superior Court of the State of

7   California, Los Angeles County, to said United States District Court pursuant to 28 U.S.C. sections

8   1332 and 1446, a copy of which is attached hereto as **Exhibit "1."**

9        **PLEASE TAKE FURTHER NOTICE** that, by the filing of said Notice to Federal Court, the

10   above-entitled action has been removed from this Court to the United States District Court for the

11   Central District of California pursuant to 28 U.S.C. sections 1332 and 1446, and this Court may

12   proceed no further unless and until this action is remanded.

13   Dated:       January 23, 2020

14

15

16   CURTIS A. GRAHAM
     IAN T. MAHER

17   LITTLER MENDELSON, P.C.
     Attorneys for Defendants

18   GENESIS HEALTHCARE, INC., GENESIS
     HEALTHCARE LLC, GHC PAYROLL, LLC,

19   and ANAHEIM TERRACE CARE CENTER,
     LLC

20
     4813-5979-3070.1 050738.1307
21

22

23

24

25

26

27

28

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

2.

NOTICE TO STATE COURT AND PLAINTIFF OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT