JS-6

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUANA OLIVOS VALDEZ, an individual; DANILLIE WILLIE, an individual; and PATRICIA THEUS, an individual, on behalf of themselves and all others similarly situated, and as aggrieved employees under the Labor Code Private Attorneys General Act of 2004,<br><br>Plaintiffs,<br><br>vs.<br><br>GENESIS HEALTHCARE LLC, a Delaware Corporation; GENESIS HEALTHCARE, INC., a Delaware corporation; GENESIS ADMINISTRATIVE SERVICES, LLC, a Delaware limited liability company; ALEXANDRIA CARE CENTER, LLC, a Delaware limited liability company; THE REHABILITATION CENTRE OF BEVERLY HILLS, a California corporation; and DOES 1 through 100, inclusive,<br><br>Defendants | Case No.: CV 19-976-DMG (JCx)<br>CV 20-688-DMG (JCx) ✓<br><br>**ORDER GRANTING MOTION FOR FINAL APPROVAL AND MOTION FOR ATTORNEYS' FEES AND FINAL ORDER AND JUDGMENT [115] [116]** |

-1-

| | |
|---|---|
| 1 | CHRISTINE ESPINOSA, individually, and on behalf of other members of the general public similarly situated and other aggrieved employees, |
| 2 | |
| 3 | |
| 4 | Plaintiff, |
| 5 | |
| 6 | vs. |
| 7 | GENESIS HEALTHCARE, INC., a Delaware corporation, *et al.*, |
| 8 | |
| 9 | Defendants. |
| 10 | |

Having considered all papers filed in connection with the Final Approval Hearing, including plaintiffs Juana Olivos Valdez, Danillie Willie, and Christine Espinosa's (collectively, "Plaintiffs") Motion for Final Approval of Class Action Settlement [Doc. # 116] and Motion for Attorneys' Fees and Costs and Class Representative Service Award [Doc. # 115], oral argument made at the Final Approval Hearing, and for the reasons stated on the record at the Final Approval Hearing on October 21, 2022,

IT IS HEREBY ORDERED, ADJUDGED AND DECREED AS FOLLOWS:

1.  The Court, for purposes of this Final Order and Judgment ("Judgment"), adopts all defined terms as set forth in the Stipulation of Class Action Settlement ("Stipulation") filed in this Action. [Doc. # 110-2.]

2.  The Court has jurisdiction over all claims asserted in the Action, Plaintiffs, the Class Members, and defendants Genesis Healthcare LLC, Genesis Healthcare, Inc., Genesis Administrative Services, LLC, GHC Payroll, LLC, Alexandria Care Center, LLC, Anaheim Terrace Care Center, LLC, Alta Care Center, LLC, Bay Crest Care Center, LLC, Brier Oak on Sunset, LLC, Carehouse Healthcare Center, LLC, City View Villa, LLC, Devonshire Care Center, LLC, Elmcrest Care Center, LLC, Fountain Care Center, LLC, Fountain Senior Assisted Living, LLC, Fountain View Subacute and Nursing Center, LLC, Hancock Park Rehabilitation Center, LLC, Montebello Care

Center, LLC, Rio Hondo Subacute and Nursing Center, LLC, Royalwood Care Center, LLC, Sharon Care Center, LLC, Spring Senior Assisted Living, LLC, St. Elizabeth Healthcare and Rehabilitation Center, LLC, SunBridge Braswell Enterprises, LLC, SunBridge Brittany Rehabilitation Center LLC, SunBridge Care Enterprises West LLC, SunBridge Carmichael Rehabilitation Center, LLC, SunBridge Hallmark Health Services, LLC, SunBridge Harbor View Rehabilitation Center, LLC, SunBridge Meadowbrook Rehabilitation Center LLC, SunBridge Paradise Rehabilitation Center, Inc., SunBridge Shandin Hills Rehabilitation Center LLC, SunBridge Stockton Rehabilitation Center LLC, The Earlwood, LLC, Valley Healthcare Center, LLC, Villa Maria Healthcare Center, LLC, Willow Creek Healthcare Center, LLC, Woodland Care Center, LLC, 14766 Washington Avenue Operations LLC, SunBridge Healthcare LLC, and 320 North Crawford Avenue Operations LLC ("Defendants").

3.   The Court finds that the Settlement was made and entered into in good faith and hereby approves the Settlement as fair, adequate and reasonable to all Class Members.  Any objections which were submitted, timely or otherwise, have been considered and are overruled.  Any Class Members who have not timely and validly requested exclusion from the Class are thus bound by this Judgment.

**Class Notice**

4.   Notice to Class Members, as set forth in the Stipulation, has been completed in conformity with the terms of the Stipulation and Preliminary Approval Order as to all Class Members who could be identified through reasonable effort.  The Court finds that said notice was the best notice practicable under the circumstances.  The Notice Packets provided due and adequate notice to Class Members of the proceedings and of the matters set forth therein, including the Settlement, and the manner by which objections to the Settlement could be made and Class Members could opt out of the Settlement.  The Notice Packets fully satisfied the requirements of due process.

**Objections and Requests for Exclusion**

5.  No objections to the Settlement were submitted by Class Members in accordance with the requirements set forth in the Stipulation and Notice of Class Action Settlement.

6.  The Court finds that five Class Members submitted valid and timely Requests for Exclusion and therefore shall not be bound by the terms of the Stipulation. These class members are: Maria Gabriela Ramos, Natalia Sulistiyo, Paulette Paul, Stephanie Rollins, and Jasmine Brown.

**Release of Claims and Injunction**

7.  Plaintiffs and all other Class Members, except the Class Members identified in Paragraph 6 above, shall have, by operation of this Judgment, fully, finally, and forever released, relinquished, and discharged the Released Parties from all Released Claims as defined by the Stipulation.

**Payments Pursuant to the Stipulation**

8.  The Court finds that the Maximum Settlement Amount, the Net Settlement Amount, and the methodology used to calculate and pay each Class Member's Individual Settlement Awards are fair and reasonable, and authorizes the Settlement Administrator to pay the Individual Settlement Awards to the Class Members in accordance with the terms of the Stipulation.

9.  If an Individual Settlement Award check remains uncashed after 180 days from mailing, the Settlement Administrator shall pay over the amount represented by the Individual Settlement Award check to the State Controller's Office Unclaimed Property Fund, with the identity of the Class Member to whom the funds belong. In such event, the Class Member shall nevertheless remain bound by the Settlement.

10. Plaintiffs shall each be paid a Class Representative Service Award in the amount of $15,000 from the Maximum Settlement Amount in accordance with the terms of the Stipulation. The Court finds this amount to be fair and reasonable and sufficiently supported.

1         11.    Class Counsel shall be paid $2,375,000 as their attorneys' fees and $112,688.37 for reimbursement of costs and expenses from the Maximum Settlement Amount in accordance with the terms of the Stipulation.  Aequitas Legal Group shall be reimbursed $20,563.09 for its costs, and Matern Law Group shall be reimbursed $92,125.28 for its costs.  The Court finds these amounts to be fair and reasonable and sufficiently supported.

         12.    The California Labor and Workforce Development Agency shall be paid $213,750.00 as penalties under the Private Attorneys' General Act.

         13.    CPT Group, Inc. shall be paid Settlement Administration Costs in the amount of $58,000.00.

## Other Provisions

         14.    The Parties shall implement the Settlement according to its terms.

         15.    The Court reserves exclusive and continuing jurisdiction over the Actions, Plaintiffs, the Class Members, and Defendants for purposes of supervising the implementation, enforcement, construction, administration, and interpretation of the Settlement and this Judgment.

         16.    The Court hereby enters judgment for Plaintiffs and the Class Members in accordance with the terms of the Stipulation, and this order is a final and appealable order.

         17.    If the Settlement does not become final and effective in accordance with its terms, this Judgment shall be rendered null and void and shall be vacated and, in such event, all related orders entered and all releases delivered in connection herewith also shall be rendered null and void.

IT IS SO ORDERED.

DATED:  October 21, 2022

_____
DOLLY M. GEE
UNITED STATES DISTRICT JUDGE